George B. ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 57574.

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

Michael P. Casey, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal by George B. Robinson from an order overruling a motion filed under Criminal Rule 27.26, V.A.M.R., to vacate a first degree robbery conviction and 5-year sentence, entered upon a plea of guilty.

Appellant claims that he pleaded guilty on condition and advice of counsel that the charge would be reduced to stealing from the person, for which he would receive a 3-year sentence; that if he refused to plead guilty and asked for a jury trial he would receive a sentence of 30 years or more because he had been previously convicted; that his attorney coached him to tell the judge that he had not been promised anything to plead guilty, if asked, for otherwise it would "mess up the record." Appellant so testified. There was no other

testimony. Appellant claims that since his testimony was uncontradicted the court erred in refusing to grant his motion.

The record at the time appellant was sentenced clearly and unquestionably demonstrates that he pleaded guilty to first degree robbery voluntarily with full knowledge and appreciation of the nature of the charge, the range of punishment and his right to a trial by jury; that the minimum sentence on this charge was 5 years and that he "expected" when he pleaded guilty that he would receive a 5-year sentence. The record shows that in open court the prosecutor stated the facts, which demonstrated appellant's guilt of first degree robbery, and that appellant acknowledged that the facts stated were the true facts; and that in answer to a question asked by the trial judge appellant stated that no one had promised him anything whatsoever in consideration for his plea of guilty. At the 27.26 hearing appellant testified that in so answering the sentencing judge's question appellant was neither lying nor mistaken —and that he thoroughly understood what the judge said to him.

 The trial court's finding that appellant "amply and cogently understood that five years would be imposed under said plea" is not clearly erroneous. On the contrary, the finding is strongly supported by record evidence indicating that instead of being misled by false promises appellant entered his plea with full knowledge of what he was charged with and that the consequences of his plea would be a 5-year prison term.

Appellant further claims that he was not effectively represented by counsel; that he is innocent of the crime and that the attorney's advice to appellant to plead guilty to a crime which he did not commit raises a serious question as to the attorney's effectiveness as counsel. Appellant's actual objection is to the refusal of the judge at the 27.26 hearing to admit in evidence appellant's denial that he committed the robbery. The court did not err in rejecting the offered evidence. A motion to vacate under Criminal Rule 27.26 may not be used as a vehicle to litigate the guilt or innocence of the movant. Young v. State, 473 S.W.2d 390, 394 (Mo.1971); State v. Thompson, 324 S.W.2d 133, 135 (Mo.1959). A plea of guilty voluntarily and understandingly made is conclusive as to the guilt of the accused, admits all of the facts charged and waives all nonjurisdictional defects in the prior proceedings. Geren v. State, 473 S.W.2d 704, 707 [3] (Mo. 1971).

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.