Benjamin BIRD, Movant,

v.

STATE of Missouri, Respondent.

No. 46734.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Gary L. Robbins, Public Defender, Jackson, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Larry H. Ferrell, Pros. Atty., Cape Girardeau, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion for post-conviction relief

without an evidentiary hearing. Movant pleaded guilty to four counts of receiving stolen property of a value of at least $150.00. The court accepted the plea and sentenced the movant to a total of twenty years' imprisonment on the four counts as a persistent offender.

On appeal movant contends that the court erred in denying his 27.26 motion because there was not a sufficient factual basis before the sentencing court that the value of the stolen property which he had sold was worth at least $150.00 to warrant its acceptance of his guilty plea, and that consequently the court was without jurisdiction to sentence him as a felon. In the alternative movant contends that he should at least have been granted an evidentiary hearing on the matter, and he asks that we remand for such a hearing. We find these issues against movant and affirm.

The record shows that the movant's guilty plea was the result of a plea agreement. The agreement called for the movant to receive twenty years out of a possible forty four years for the charges against him. The judge questioned the movant thoroughly in regard to his understanding of the charges and voluntariness of his plea. The movant responded in the affirmative to all of the judge's questions asking him if he both understood the charges and was pleading voluntarily.

The judge also questioned the movant about the value of the stolen property. The movant's initial response to these questions was equivocal, but he finally agreed that the value of the stolen property in each charge was worth more than $150.00. The prosecuting attorney stated that the state was prepared to put the owner of the stolen property on the stand to testify that the value of the property exceeded $150.00.

In support of his contention that there was not a sufficient factual basis before the sentencing court that the stolen property was worth at least $150.00, movant attached to his motion a photocopy of a Sears catalog listing the price of the property in question at $129.00.

In pleading guilty the movant forfeited his right to put on evidence at trial to disprove the elements of the charges against him. *State v. Dennis*, 537 S.W.2d 652, 653 (Mo.App.1976). To allow the movant to introduce new evidence concerning the original charges at this late date would defeat the purpose of the guilty plea. Thus, it is not proper for us to consider the movant's new evidence of the value of the stolen property which was not originally before the sentencing court.

The issue to be decided here is whether the information before the sentencing court supplied a sufficient factual basis for the court's acceptance of the movant's guilty plea. *See* Rule 24.02(e). The prosecutor's statement that he was prepared to have the owner of the property testify that the property was worth more than $150.00 was sufficient to establish the requisite factual basis for the plea. *Allen v. State*, 588 S.W.2d 1 (Mo.App.1979). Though it is true that the movant's admission that the property was worth at least $150.00 was both hesitant and equivocal, it is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him in order for his guilty plea to be valid. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Bounds v. State*, 556 S.W.2d 497 (Mo.App.1977). In this respect, all that is necessary is that the plea be knowing and voluntary. *Bradley v. State*, 494 S.W.2d 45, 48 (Mo.1973). Movant does not argue in his brief, and we can find nothing in the record to suggest, that his plea was not knowingly and voluntarily made.

Finally, the movant contends that he should have been given an evidentiary hearing on his motion. Rule 27.26(e) states that an evidentiary hearing shall be held promptly after the filing of a motion for post-conviction relief "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to the relief . . . ." In addition, this court in *Kearns v. State*, 583 S.W.2d 748 (Mo.App. 1979) stated that in order to qualify for an evidentiary hearing a person must allege

facts which "raise matters not refuted by the record." The only substantive issue which the movant has raised on appeal is whether there was a sufficient factual basis to warrant the court's acceptance of his guilty plea. This issue by its nature depends solely upon the information in the record that was before the sentencing court when it accepted the plea. As we stated above, the question is not whether each element of the charge would now withstand a trial on the merits, but rather whether the information before the court supplied a factual basis to the plea. Thus, in ruling on this point it was only necessary for the court to inspect the record which it had before it. As we agree with the court that the record supplies a factual basis to the movant's plea, we find that the movant's point is refuted by the record, and consequently the movant is not entitled to an evidentiary hearing on this matter.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.