**Eugene REEDER, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 50803.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 29, 1986.

Motion for Rehearing and/or Transfer
Denied June 4, 1986.

Application to Transfer Denied
July 15, 1986.

Kenny C. Hulshof, Jackson, for movant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, John Munson Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Eugene Reeder, appeals from the dismissal with prejudice of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to three counts of forgery and was sentenced to three consecutive terms of imprisonment of three years each. He filed a Rule 27.26 motion to vacate sentence. Counsel was appointed and the motion was amended. The trial court entered its Findings of Fact and Conclusions of Law denying movant an evidentiary hearing and dismissing his amended motion with prejudice. On appeal, movant asserts error in the trial court's dismissal of his motion without granting him an evidentiary hearing and raises the same four allegations of error that he raised in his amended Rule 27.26 motion.

The standard for determining whether movant is entitled to an evidentiary hearing requires that movant plead facts, not conclusions, which if true would entitle him to relief; and that such factual allegations are not refuted by the record in the case. *Ray v. State*, 644 S.W.2d 663, 666 (Mo.App.1982).

In his first point, movant contends that the indictment contained a jurisdictional defect. He argues that the indictment was based upon false statements made by witnesses to the grand jury. In a postconviction proceeding, collateral attack on an indictment can be made only if the indictment is "so obviously defective that by no reasonable construction can it be said to charge the offense for which movant was convicted." *Franklin v. State*, 655 S.W.2d 561, 563 (Mo.App.1983). Here, the indictment was facially valid and was sufficient to charge movant with the offense for which he was convicted. Moreover, the trial court is not authorized to delve into evidence presented to the grand jury to determine whether it was competent and sufficient. *State v. Burkhart*, 615 S.W.2d 565, 568 (Mo.App.1981). Movant's first point is denied.

Movant's second contention is that he was denied effective assistance of counsel by reason of his counsel's failure to interview witnesses to investigate the circumstances of the charges against him.

The record refutes this contention. At the guilty plea proceeding, movant stated under oath that he was satisfied with his counsel's advice and assistance. Movant's second point is denied.

 Movant's third point is that he did not voluntarily, knowingly and intelligently plead guilty. His argument centers on the allegation that he was promised sentences which would run concurrently. Movant is entitled to an evidentiary hearing on the issue of the voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show that his plea was made voluntarily and intelligently. *Orr v. State,* 607 S.W.2d 187, 188 (Mo.App. 1980). The record of the guilty plea reveals that the court questioned movant extensively to determine if he understood the nature of the offense with which he was charged; if he was satisfied with his attorney's representation; if promises or threats had induced him to plead guilty; if he was willing to relinquish his right to confront witnesses, his right against self-incrimination and his right to a jury trial; and if he understood the range of possible punishment. Movant specifically responded that he knew his sentences could run "one after another" and that he had not been promised anything in return for his guilty plea. The record was sufficient to establish the voluntariness of movant's guilty plea. Movant's third point is denied.

 In his last point, movant contends that the factual basis for the plea was not sufficient to establish all the elements of all the charges against him. *See* Rule 24.-02(c). For a guilty plea to be valid, it is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him. *Bird v. State,* 657 S.W.2d 315, 316 (Mo.App.1983). All that is required is that the plea be knowing and voluntary. *Id.* We find nothing in the record to suggest that movant's guilty plea was not made knowingly and voluntarily. Movant's fourth point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.