**Michael D. HOLLY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 20218.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty to assault in the first degree and was sentenced to seven years' imprisonment. Thereafter, he filed a motion under Rule 24.035, seeking to vacate the conviction. Following an evidentiary hearing the motion was denied. Movant appeals, presenting two points relied on.

■ The first point presented by Movant states that the trial court erred in denying the motion, "because the court failed to make findings of fact and conclusions of law on all issues presented ..." There is no precise formula for such findings and conclusions, all that is required is that they be sufficient to allow adequate appellate review. *Phillips v. State,* 902 S.W.2d 318, 321 (Mo.App.1995).

■ Movant contends that the written decision fails to address some of the claims presented in his motion. That is correct, however, the trial court made oral findings addressing those issues at the conclusion of evidence on the record, in the presence of movant and his counsel. That was sufficient. Rule 24.035(j) requires the trial court to "issue findings of fact and conclusions of law on all issues presented ..." Rule 24.035(a) provides that the procedure for Rule 24.035 motions are "governed by the Rules of civil procedure, insofar as applicable." Rule 73.01, "Trial by Court," allows the trial judge to "dictate to the court reporter" such findings. Rule 73.01(a)(3). We see no reason why this procedure would not be applicable to a Rule 24.035 motion. Point I is denied.

■ For his second point, Movant contends the trial court erred in denying relief because the same judge presided over both his preliminary hearing and the entry of his plea of guilty, "in violation of Section 478.240," RSMo Supp.1989. That section provided that the presiding judge shall not assign "a judge to hear the trial of a felony case when he has previously conducted the preliminary hearing in that case." Section 478.240.2(2), RSMo Supp.1989. As we conclude that this requirement was waived by the conduct of Defendant and his attorney, and as a part of the attorney's strategy in carrying out the Movant's wishes, this contention has no merit.

Movant's attorney testified that his client wished to enter a plea of guilty and his experience was that this judge "was more likely to accept a plea under the circumstances than perhaps any other judge in the circuit." For that reason, he continued with that judge. The trial judge in this matter, who was not the judge who accepted the plea, orally indicated that he believed the attorney and also denied this contention because there was no trial.

■ A party by its conduct can waive the disqualification of a judge and cannot thereafter complain about the judge's participation. *Hammon v. State,* 841 S.W.2d 276, 277 (Mo.App.1992); *State v. Purdy,* 766 S.W.2d 476, 478–79 (Mo.App.1989). It is ap-

parent by Movant's and his attorney's conduct that they waived any complaint as to the judge who accepted the plea and, in addition, Section 478.240 expressly refers to a judge who would "hear the trial" and there was no trial here. Point II is denied.

The judgment is affirmed.

SHRUM, C.J., and PARRISH, J., concur.