Billy G. BISHOP, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 21999.

Missouri Court of Appeals, Southern District, Division Two.

June 17, 1998.

Louis J. Basso, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

BARNEY, Judge.

Billy G. Bishop (Movant) appeals from the motion court's judgment which denied his Rule 24.035 post-conviction motion.[1]

On November 5, 1996, Movant pleaded guilty to the class B felony of conspiracy to commit first degree murder. *See* Rule 24.02; §§ 564.016, 565.020.[2] On December 3, 1996, the trial court sentenced Movant to the Missouri Department of Corrections for a term of ten years. *See* § 558.011.

Movant filed his Rule 24.035 post-conviction motion on February 28, 1997, through post-conviction counsel followed by an amended Rule 24.035 motion on April 25, 1997. On October 3, 1997, the motion court held an evidentiary hearing on Movant's post-conviction motion and entered its judgment on November 18, 1997, denying Movant's post-conviction motion. On appeal to this Court, Movant assigns four points of error.

■ Our review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *White v. State,* 957 S.W.2d 805, 807 (Mo.App. 1997); *State v. Timmons,* 956 S.W.2d 277, 283 (Mo.App.1997). Findings and conclusions are clearly erroneous only if, after a

---

**1.** All Rule references are to Missouri Court Rules (1997).

**2.** All statutory references are to RSMo 1994.

review of the entire record, we are left with the definite and firm impression that a mistake has been made. *White*, 957 S.W.2d at 807.

# I.

We address Movant's first two assignments of error together. Movant contends that the motion court clearly erred in denying his post-conviction motion because the record shows that he was denied effective assistance of counsel in that his trial counsel failed to advise him of the affirmative defense of entrapment to the conspiracy offense to which he was charged.[3] Therefore, he contends that his guilty plea was not voluntarily entered.

A guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). Accordingly, a guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). "[T]he effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." *Pelton v. State*, 794 S.W.2d 301, 303 (Mo.App.1990).

To prevail on a claim of ineffective assistance of counsel, the claimant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that the claimant was thereby prejudiced. *White*, 957 S.W.2d at 807 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995)). When challenging a guilty plea, prejudice is proven by evidence showing a reasonable probability

that, but for counsel's errors, the movant would have not pleaded guilty and would have insisted on going to trial. *Id.* at 808(citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997)).

In its judgment, the motion court found the following relative to Movant's contention that he was denied effective assistance of trial counsel:

> At the 24.035 hearing, the Movant presented no evidence on this issue. Movant did file an affidavit with his motion, signed by plea counsel. That portion of this affidavit, which deals with this issue, states:
>
>> I reviewed the facts and evidence against [Movant]. I considered whether there was sufficient evidence to claim that [Movant] was entrapped by the two undercover officers. I reviewed Section 562.066 RSMo. (1994) on entrapment. At some point it was my belief that this defense was not available to [Movant] on the Conspiracy charge. My belief was based on my review of the jury instructions and Notes on Use and Section 562.066 RSMo. (1994). I do not think this belief played a part in [Movant's] decision to plead guilty because I do not think I communicated this belief to him prior to his decision to plead guilty. *I advised him that I did not think a defense of entrapment would be successful at trial. I did not advise him that it was not available at trial.*
>
> The Court finds that Movant was not denied effective assistance of counsel.[4]

(emphasis added).

From the foregoing, we determine that the motion court found trial counsel's affidavit to be persuasive and more credible than Movant's affidavit and assertions contained in his post-conviction relief motion. "The trial court chose not to believe movant's testimony

---

3. *See* § 562.066.

4. Movant's legal file contains three alleged affidavits by Movant's trial counsel, identified as Exhibits A, B, and C. However, Exhibit A is unsigned and Exhibit B almost word for word duplicates Exhibit C. It is apparent from the motion court's findings and conclusions that it relied on and reviewed only Exhibit C. Nonetheless, substantively speaking, there is no significant distinction between the affidavit of trial counsel as represented in Exhibits B or C.

that the defense of entrapment was not discussed...." *Smith v. State*, 628 S.W.2d 393, 396 (Mo.App.1982). The trial court accepted trial counsel's testimony as believable when trial counsel informed Movant that he did not think a defense of entrapment would be successful at trial. "This is the prerogative of the fact finder, to whom this court defers in the event of a conflict in the evidence." *Id.*(citing *Leonard v. American Walnut Co., Inc.,* 609 S.W.2d 452, 454 (Mo.App.1980)); *see also State v. Dunmore,* 822 S.W.2d 509, 512 (Mo.App.1991)(the motion court is not required to believe the testimony of movant and an appellate court must defer to the motion court's determination of credibility). Points One and Two are denied.

## II.

In his third point of trial court error, Movant contends that the trial court erred in finding that the evidence adduced by the state at the guilty plea hearing established the crime of conspiracy under section 564.016.[5] Movant contends that all essential elements of the crime of conspiracy were suggested and supplied by the state, and that the state's overreaching tactics compelled Movant's actions. We disagree.

"The conspiracy offense is committed if a person, with the purpose of promoting the offense, agrees with another person that at least one of them will engage in conduct constituting the offense." *State v. Hlavaty,* 871 S.W.2d 600, 605 (Mo.App.1994). "The subjective intent of the other individual, the person with whom the defendant is alleged to have conspired, is irrelevant." *Id.* "[O]ur conspiracy statute 'focuses upon the conduct of one person' regardless of the subjective intent of the other." *State v. Welty,* 729 S.W.2d 594, 597 (Mo.App.1987)(quoting *State v. Hohensee,* 650 S.W.2d 268 (Mo.App.1982)). "The clandestine nature of conspiracies usually does not permit direct evidence, and the prosecution must rely on logical inferences

drawn from the course of conduct." *Id.* "The settled rule is that direct evidence of an explicit agreement between two or more persons is not needed to establish a conspiracy under § 564.016, but the agreement can be established by circumstantial evidence which shows no more than a tacit understanding among the participants." *Hlavaty,* 871 S.W.2d at 605.

■ We note that immediately prior to Movant tendering his guilty plea to the trial court, the prosecutor summarized the evidence against Movant as follows:

> [During] a time period between June 21 and June 26th of this year [1996] in Christian County, Missouri, the [Movant], with the purpose of promoting and facilitating an offense of first-degree murder conspired with two undercover police officers and made an agreement that they would kill a former girlfriend of [Movant] by the name of Jean Carol Tadeja, who at the time was living in Greene County. The agreement that was made was that these undercover officers would commit this murder in exchange for a deer rifle that [Movant] owned and $550.00 in cash, and that in furtherance of the conspiracy he provided this rifle to these two undercover officers as partial payment.

> The transactions were recorded on video tape and on audio tape. In addition, we would have the testimony of two undercover officers.

Additionally, the following colloquy took place at the time of the guilty plea hearing:

> THE COURT: Mr. Bishop [Movant], did you hear what the prosecutor said [summary of the evidence]?

> THE DEFENDANT [Movant]: Yes, sir.

> THE COURT: Has he accurately described the facts?

> THE DEFENDANT: Yes, sir.

> ....

---

5. "1. A person is guilty of conspiracy with another person or persons to commit an offense if, with the purpose of promoting or facilitating its commission he agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such offense.

2. If a person guilty of conspiracy knows that a person with whom he conspires to commit an offense has conspired with another person or persons to commit the same offense, he is guilty of conspiring with such other person or persons to commit such offense, whether or not he knows their identity." § 564.016.1–.2.

THE COURT: You've discussed your case with Mr. Lada [trial counsel], haven't you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you told him everything you know about this case?

THE DEFENDANT: Yes, sir.

THE COURT: Do you think he's fully advised you?

THE DEFENDANT: Yes, sir.

THE COURT: Has he told you what your legal rights are?

THE DEFENDANT: Yes, sir.

THE COURT: Has he told you what the possible consequences are of entering this plea here today?

THE DEFENDANT: Yes, sir.

THE COURT: Have you ever asked Mr. Lada to do anything that he's refused to do?

THE DEFENDANT: No, sir.

THE COURT: Has he answered all of your questions?

THE DEFENDANT: Yes, sir.

. . . .

By knowingly and voluntarily pleading guilty, Movant's contentions concerning unauthorized state activities relating to Movant's conspiracy charge became irrelevant. "[A] plea of guilty is an admission of the facts alleged in the information." *Pelton v. State*, 831 S.W.2d 651, 653 (Mo.App.1992). "[F]or a guilty plea to be valid it is not necessary that the movant admit to, or even believe the veracity of the charges against him; all that is required is that the plea be knowing and voluntary." *Id.* (quoting *Pippenger v. State*, 794 S.W.2d 717, 721 (Mo.App.1990)). "[A] guilty plea is not involuntary even where the accused maintains innocence, so long as the plea represents a voluntary choice of alternatives available in his own best interest." *Id.*

■ Here, there was no trial. Therefore, the state had to establish an adequate factual basis for the trial court to have accepted Movant's original guilty plea. *See* Rule 24.02(e). This rule provides that the "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." *Id.* "If the facts do not establish an offense, the court must reject the guilty plea." *Ennis v. State*, 887 S.W.2d 771, 773 (Mo.App.1994). The factual basis required by the rule, however, need not be established by the accused testimony at the guilty plea hearing. *Id.* It can be established if the defendant understands the facts as outlined by the judge or the prosecutor. *Id.* Indeed, [a]n express admission of guilt is not required in determining if there is a factual basis." *Pelton*, 831 S.W.2d at 653.

The evidence clearly shows that Movant agreed that the facts described by the prosecution showing the commission of a conspiracy [of promoting and facilitating the offense of first degree murder] were accurate. Our review of the facts and the law as outlined in *Hlavaty*, 871 S.W.2d at 605 and *State v. Simpson*, 779 S.W.2d 274, 281 (Mo.App.1989) convinces us that the state presented sufficient evidence to establish the commission of the offense of conspiracy and established an adequate factual basis for the trial court to have accepted Movant's original plea of guilty. *See Pippenger v. State*, 794 S.W.2d 717, 721 (Mo.App.1990). Point denied.

### III.

In Movant's final assignment of error, he avers that the court erred by not specifically addressing each individual request for factual findings he made in his proposed findings of fact and conclusions of law, filed more than six months after filing his amended Rule 24.035 motion to vacate and set aside his plea and sentence, and some eight months since the filing of his original Rule 24.035 motion for post-conviction relief. Movant relies on Rule 73.01. We do not agree.

■ We determine that a Rule 73.01 request by a movant for findings of facts and conclusions of law to a motion court is not cognizable in a Rule 24.035 post-conviction motion. "No error results from a [motion] court's failure to make findings and conclusions on claims . . . not cognizable in a post-conviction proceeding." *Moore v. State*, 927 S.W.2d 939, 943 (Mo.App.1996)(quoting *State v. Viviano*, 882 S.W.2d 748, 754 (Mo.App. 1994)).

We recognize that this Court in*Holly* stated that "Rule 73.01, 'Trial by Court,' allows

the trial judge to 'dictate to the court reporter' [its] findings. Rule 73.01(a)(3). We see no reason why this procedure would not be applicable to a Rule 24.035 motion." *Holly v. State,* 924 S.W.2d 868, 869 (Mo.App.1996). Rule 24.035 does not address the specific procedure discussed in*Holly* and therefore the Court's reliance on Rule 73.01 in that case was appropriate. However, Rule 24.035 and the case law interpreting that rule addresses the scope of the motion court's mandate in issuing findings of fact and conclusions of law in post-conviction proceedings. *See* Rule 24.035(j); *State v. Taylor,* 929 S.W.2d 209, 223–24 (Mo. banc 1996); *Green v. State,* 893 S.W.2d 854, 855 (Mo.App.1995).

Rule 24.035(j) requires that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *See Moore,* 927 S.W.2d at 941–42. It is clear then that findings of facts under Rule 24.035 relate only to those issues seasonably presented to the motion court in accordance with the time limits of Rule 24.035(b); *see also Edwards v. State,* 954 S.W.2d 403, 408 (Mo.App.1997)(post-conviction motion must include all claims and those not raised in the motion are waived). Point denied.

In light of the record before this Court, we determine that the motion court's findings of fact and conclusions of law are not clearly erroneous. *See White,* 957 S.W.2d at 807.

The judgment of the motion court denying Movant's Rule 24.035 post-conviction motion is affirmed.

PARRISH, P.J. and SHRUM, J., concur.