Gary L. **GOINGS**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 22648.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 30, 1999.

Motion for Rehearing or Transfer
Denied Sept. 9, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Rosalynn Koch, Asst. Public Defender, Columbia, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen. of Jefferson City, respondent.

ROBERT S. BARNEY, Judge.

Gary Goings ("Movant") was charged by felony information with the class C felony of stealing in violation of section 570.030 in the underlying case.[1] After his motion to suppress evidence was denied, Movant entered a plea of guilty to the charge of stealing and was sentenced to a term of five years of imprisonment. He appeals the denial of his motion to vacate, set aside or correct the judgment or sentence under Rule 24.035.[2] He claims that the motion court erred in denying him post-conviction relief because the plea court's proceedings "failed to establish a factual basis for the charges against [Appellant], in violation of his right to due process of law, in that the proceedings failed to establish that the value of the schematics and diagrams taken was over $150."

"Our review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Bishop v. State,* 969 S.W.2d 366, 367 (Mo.App. 1998). "The findings and conclusions are deemed erroneous if after reviewing the record, this court is left with the definite and firm belief that a mistake has been made." *Saffold v. State,* 982 S.W.2d 749, 752 (Mo.App.1998).

"A guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial." *Bishop,* 969 S.W.2d at 368. "In pleading guilty the movant forfeited his right to put on evidence at trial to disprove the elements of the charges against him." *Bird v. State,* 657 S.W.2d 315, 316 (Mo.App.1983). "Accordingly, a guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Bishop,* 969 S.W.2d at 368; *see also Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).

"Under Rule 24.02(e), a court may not enter judgment on a plea of guilty unless it determines there is a factual basis for the plea." *State v. Shafer,* 969 S.W.2d 719, 734 (Mo. banc 1998), *cert. denied,* —— U.S.——, 119 S.Ct. 419, 142 L.Ed.2d 340 (1998); *see also* Rule 24.02(e). "If the plea of guilty is voluntarily and understandingly made and unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea." *Id.; see also Robinson v. State,* 491 S.W.2d 314, 315 (Mo.1973). Furthermore, a "plea of guilty is an admission of the facts alleged in the information." *Bishop,* 969 S.W.2d at 370 (quoting *Pelton v. State,* 831 S.W.2d 651, 653 (Mo.App.1992)); *see also Robinson,* 491 S.W.2d at 315 ("[a] plea of guilty voluntarily and understandingly made is conclusive as to the guilt of the accused, admits all of the facts charged and waives all nonjurisdictional defects in the prior proceedings").

■ The record of the plea court proceedings reveals that the plea court ad-

---

1. The information read in pertinent part that: [Movant] committed the class C felony of stealing ...in that ...the [Movant] appropriated mechanical and electrical drawings, sketches, process information, photographs of equipment and a foreman's book of electrical drawings reference diaper production line #25, *of a value of at least one hundred and fifty dollars,* which said property was owned by Proctor and Gamble Company, and [Movant] appropriated such property without the consent of Proctor and Gamble Company, and with the purpose to deprive it thereof. (emphasis added).

All statutory references are to RSMo 1994.

2. All rule references are to Missouri Court Rules (1997), unless otherwise specified.

vised Movant of the pertinent provisions of the felony information and further advised Movant that the property stolen by him had a "value of at least $450." This foregoing figure more than encompasses the minimal requirement of $150.00, as mandated by section 570.030.3 ("Stealing is a class C felony if: (1) the value of the property or services appropriated is one hundred fifty dollars or more"). Additionally, the following colloquy took place:

(Court) You understand that that's what you're charged with here today?

(Movant) Yes, sir.

(Court) And that's what you're entering a plea of guilty here to?

(Movant) Yes, sir.

(Court) Tell me what you did in the—in this regard.

(Movant) Well, basically, Your Honor, I obtained some sketches, drawings, schematics that were inside the Proctor and Gamble plant; and I took them outside.

(Court) Uh-huh.

(Movant) And then I tried to sell them to a competitive company in its sales.[3]

* * *

(Court) And are there any questions that you have about the—the facts of the case?

(Movant) Your Honor, not—not as far as the facts in the case. There's some other things that deal primarily with the Department of Corrections that I would like the Court to be aware of.

* * *

(Court) Now, has anybody threatened you with anything if you don't plead guilty here today?

(Movant) No.

(Court) And you're doing this of—of your own free will?

(Movant) Yes, sir.

(Court) And you're doing it because you're guilty, I'm assuming.

(Movant) That's correct.

■ We also observe that the "factual basis required by the rule, however, need not be established by the accused testimony at the guilty plea hearing." *Bishop,* 969 S.W.2d at 370. "It can be established if the defendant understands the facts as outlined by the judge or the prosecutor." *Id.* Indeed, "it is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him in order for his guilty plea to be valid." *Bird,* 657 S.W.2d at 316. "In this respect, all that is necessary is that the plea be knowing and voluntary." *Id.; see also Bishop,* 969 S.W.2d at 370.

Here, the record shows that Movant was 36 years of age at the time he entered his guilty plea. He could read and write, had completed his G.E.D., had "[s]ome college" and, indeed, testified that he was a "law clerk in the law library" while "incarcerated at Algoa." There is little doubt that Movant understood the charges as outlined by the plea court, including the allegations that he had stolen property in excess of $150.00. *See Bird,* 657 S.W.2d at 316. He had no questions regarding the facts in the matter. He voluntarily entered a plea of guilty. A factual basis for his guilty plea was established. *Bishop,* 969 S.W.2d at 370; *Rios v. State,* 848 S.W.2d 638, 640–41 (Mo.App.1993); *Milligan v. State,* 772 S.W.2d 736, 738–39 (Mo.App.1989); *Row v. State,* 680 S.W.2d 418, 419–20 (Mo.App. 1984); *Bird,* 657 S.W.2d at 316.

The judgment of the motion court overruling Movant's Rule 24.035 motion for post-conviction relief is affirmed.

GARRISON, C.J., MONTGOMERY, P.J., concur.

---

**3.** Evidence elicited during the motion to suppress hearing shows that Movant had sought to sell the property belonging to Proctor and Gamble to a third party for the amount of $50,000.00