**Richard S. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 26115.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 2004.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant Richard Smith ("Movant") was originally charged by information on July 17, 2001, with the class B felony of manufacturing a controlled substance as proscribed by section 195.211.[1] The information stated that "on or about the 26th day of May, 2001, in the County of McDonald, State of Missouri, [Movant] knowingly manufactured Methamphetamine, a controlled substance, by possessing equipment, precursors, and chemicals, iodine crystals, 7% iodine used to manufacture methamphetamine, knowing that it was a controlled substance." (emphasis in original omitted).

Movant's charge of manufacturing methamphetamine stemmed from a police search of a shed and adjacent mobile home in which the aforementioned precursors, equipment and chemicals for the manufacture of methamphetamine were found. The record does not show that any methamphetamine was found by the police.

On July 17, 2001, Movant appeared before the plea court and entered an *Alford* plea to the charge of manufacturing methamphetamine, pursuant to a plea bargain agreement.[2] Subsequent to the plea hearing Movant was sentenced to seven years in the Missouri Department of Corrections, but the plea court suspended the imposition of the sentence and placed Movant on five years probation. Movant's probation was subsequently revoked on October 16, 2002, due to new charges of attempted manufacture of methamphetamine and possession of ephedrine with the intent to manufacture methamphet-

amine. Movant's suspended sentence was then imposed.

On April 24, 2003, Movant filed a *pro se* motion pursuant to Rule 24.035.[3] Appointed counsel later filed an Amended Motion. In his Amended Motion, Movant maintained there was no factual basis for his plea and requested the motion court to "either vacate the plea and set [M]ovant's case for trial or enter a conviction and sentence [M]ovant for the lesser included class C felony of creation of a controlled substance." The motion court denied Movant's Rule 24.035 motion on January 14, 2004. The motion court found that "Movant entered a plea of guilty pursuant to ALFORD decision. Said plea was accepted by Court and was made freely, voluntarily and intelligently. Court finds that statements of defendant and prosecutor at plea of guilty provided a sufficient factual basis of plea to be accept[ed]. Judgment denying motion ordered entered...."

Movant now appeals the denial of his Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 24.035. In his motion and on appeal, Movant maintains the plea court erred in accepting his guilty plea pursuant to an *Alford* plea to the charge of manufacturing a controlled substance because no factual basis existed for the plea. *See* Rule 24.02(e).

■ Appellate review of a trial court's action on a postconviction relief motion is limited to a determination of whether the findings and conclusions of the trial court

---

1. All statutory references are to RSMo 2000 unless otherwise specified.

2. In *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court approved the acceptance of a plea of guilty from a defendant who is unwilling or unable to admit participation

in acts constituting the crime charged so long as the plea is knowingly and voluntarily entered and is supported by a strong factual basis.

3. All Rule references are to Missouri Court Rules (2001).

are clearly erroneous. *White v. State,* 57 S.W.3d 341, 343 (Mo.App.2001). They will be considered clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000).

▉▉▉ Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Prior to accepting a plea of guilty, the trial court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App.1993). "A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State,* 45 S.W.3d 506, 508 (Mo.App.2001). "'A trial court is not required to explain every element of a crime to which a person pleads guilty so long as the defendant understands the nature of the charge.'" *Daniels v. State,* 70 S.W.3d 457, 461 (Mo. App.2002) (quoting *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996)). However, Movant shall express "an awareness of the nature and elements of the charge to which he or she pleads guilty." *Vann v. State,* 959 S.W.2d 131, 134 (Mo.App.1998). "[I]t is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him in order for his guilty plea to be valid.'" *Daniels,* 70 S.W.3d at 461 (quoting *Bird v. State,* 657 S.W.2d 315, 316 (Mo.App.1983)). This court's "focus is on whether the plea was made intelligently and voluntarily" and not on "whether a particular ritual is followed or every detail explained." *Id.* "If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea." *Brown,* 45 S.W.3d at 508.

▉▉▉ An *Alford* plea is not treated differently than a guilty plea where the accused admits the commission of the crime charged. *Wilson v. State,* 813 S.W.2d 833, 843 (Mo. banc 1991). "As with any guilty plea, an *Alford* plea is valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sexton v. State,* 36 S.W.3d 782, 785 (Mo.App.2001) (quoting *Alford,* 400 U.S. at 31, 91 S.Ct. at 164, 27 L.Ed.2d at 167 (1970)). Accordingly, prior to accepting a plea of guilty or an *Alford* plea, the plea court was required to "'determine facts which [Movant] *admits* by his plea and that those facts would result in [Movant's] being guilty of the offense charged.'" *Brown* 45 S.W.3d at 508 (quoting *Hoskin,* 863 S.W.2d at 639) (emphasis added). "It is preferable to do more than to do less when establishing a factual basis for a plea." *Daniels,* 70 S.W.3d at 464.

In our review, we observe that on July 17, 2001, Movant appeared before the plea court. He filed a "Petition to Enter Plea of Guilty" in which he acknowledged that he had received a copy of the information against him; that he had been counseled by his attorney as to the nature of the charge and lesser included offenses, if any; and, that he was guilty of the offense charged. The written *Alford* plea was entered into evidence and the plea court "inquire[d] as to what facts [Movant] does admit."

The record reveals that a stipulation was entered that Movant had consented to the search of the shed and mobile home. The State then set out that Movant's girlfriend, Anna Trembley, also gave consent to search the shed and mobile home. During the plea hearing, Movant testified that as

part of his job managing a mobile home park, he was given a mobile home to live in, but he had not yet moved in because the mobile home needed some repairs. Movant further testified that he had allowed "a guy [he] met in Joplin" to store some items in a shed that was located behind the mobile home. Movant acknowledged that he knew that the shed contained products used to manufacture methamphetamine, because he had looked inside; however, he indicated that he was "kind of overwhelmed with the amount of things" that the police seized from the shed. Movant also acknowledged to the plea court that he knew how to manufacture methamphetamine and that iodine, ephedrine, and red phosphorous were normally used in the process. Furthermore, when the plea court inquired as to whether Movant knew he had "some iodine," he answered, "I knew that the products were in that shed, yes, sir."

The prosecutor outlined the following facts to show that Movant committed the crime of manufacturing methamphetamine:

> After the consent to search and the items were found, [Movant] ... admitted that he had been cooking it for his own use. And, also, the officer, Carl Cosper, talked to Anna Trembley, and she said [Movant] had been cooking methamphetamine in the shed behind the house.
>
> . . .
>
> [Movant] stated he bought items from different places; saved the receipts. He purchased tubings, chemicals, used in the manufacturing process. He gave a statement, said the meth lab was his, and he cooked it for his own personal use.

Then Movant informed the plea court that he had "tried to be completely honest" with the plea court and that Trembley's statements to the police were a result of her being "pretty scared because her daughter had been taken from her because of her ex-husband's activities in drugs, and she was really afraid of losing her daughter for good." With regard to the prosecutor's declarations that Movant had admitted cooking methamphetamine for his own personal use, Movant related, "[t]hat's not the way the statement that I made was intended. It was I had knowledge of how to manufacture, but I never admitted that it was mine, because it was not." He acknowledged that he had purchased acetone the previous day to clean some rusted tools, but asserted that the receipts the police found in his wallet were related to his work as a contractor.

The plea court then declared that "if you are not guilty of this offense, you don't have to enter a plea. You understand that?" Movant answered, "[y]es sir." The plea court then stated that "I can set this case as soon as your attorney can be ready for trial," and after a discussion of his procedural rights, the plea court, again, asked the Movant if he wanted "to exercise [his] right and have this matter set for jury trial?" Movant responded, "I would like to plead guilty under the *Alford* plead [sic]." After this, the plea court again reiterated, "do you want a jury trial?," and Movant responded, "[n]o sir." After subsequent discussion, the plea court accepted Movant's guilty plea.

 " 'The crime of the manufacture of methamphetamine requires the state to prove the defendant: (1) manufactured methamphetamine and (2) was aware the substance he manufactured was methamphetamine.' " *Daniels,* 70 S.W.3d at 461 (quoting *Salmons v. State,* 16 S.W.3d 635, 638 (Mo.App.2000)); MAI–CR

3d 325.06.1.[4] "This two prong test does not require that the specific means of production of methamphetamine be proven by the State." *Wofford v. State,* 73 S.W.3d 725, 729 (Mo.App.2002). Section 195.010(23) defines "manufacture" as follows:

[T]he production, preparation, propagation, compounding or processing of drug paraphernalia or of a controlled substance, or an imitation controlled substance, either directly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container. This term does not include the preparation or compounding of a controlled substance or an imitation controlled substance or the preparation, compounding, packaging or labeling of a narcotic or dangerous drug....

§ 195.010(23); *see also Daniels,* 70 S.W.3d at 464. "Conviction for manufacture of methamphetamine requires proof of manufacture along with a mental state of *awareness of the nature of methamphetamine.*" *Salmons,* 16 S.W.3d at 638.

We observe that in *Bird,* 657 S.W.2d at 316, the *Bird* Movant, during his plea hearing, pled guilty to "four counts of receiving stolen property of a value of at least $150.00." The plea court accepted the plea and sentenced Movant to 20 years imprisonment as a persistent offender. *Id.* Movant then filed a postconviction relief action where he contended there was an insufficient factual basis placed before the plea court showing "that the value of the stolen property which he had sold was worth at least $150.00 to warrant its acceptance of his guilty plea...." *Id.* The motion court denied Movant's motion for postconviction relief.

On appeal, the appellate court affirmed. It observed that "[t]he prosecutor's statement that he was prepared to have the owner of the property testify that the property was worth more than $150.00 was sufficient to establish the requisite factual basis for the plea." *Id.* The appellate court observed that although

it is true that the [M]ovant's admission that the property was worth at least $150.00 *was both hesitant and equivocal,* it is not necessary that the [M]ovant admit to, or even believe the veracity of the elements of the charges against him in order for his guilty plea to be valid.

*Id.* (emphasis added). "In this respect, all that is necessary is that the plea be knowing and voluntary." *Id.*

In the instant matter, while Movant was equivocal regarding the State's assertions that he had admitted that he had been cooking methamphetamine for his own use, and implicitly challenged Trembley's statement that he had been cooking methamphetamine in the shed, these assertions still do not negate his plea of guilty to the charge of manufacturing methamphetamine. *See Bird,* 657 S.W.2d at 316; *see also Daniels,* 70 S.W.3d at 461. Movant's plea was both knowing and voluntary. *Bird,* 657 S.W.2d at 316.

As previously set out, at the commencement of the plea hearing Movant filed a "Petition to Enter Plea of Guilty" and his written *Alford* plea was entered into evi-

---

4. Section 195.211 provides in pertinent part:
 1. Except as authorized by sections 195.005 to 195.425 and except as provided in section 195.222, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

dence. Additionally, we cannot ignore the plea court's questioning of Movant, and Movant's answers that he knew how to manufacture methamphetamine; that he knew iodine and other products used in the production of methamphetamine were located in the shed; and, Movant's repeated acknowledgements that he did not have to enter a plea of guilty to the charge of manufacturing methamphetamine, but could go to a jury trial to make the State prove its case. Furthermore, the State set out that Movant admitted to law enforcement officers that he "had been cooking it [methamphetamine] for his own use", that the "meth lab was his", that Trembley informed law enforcement officers that Movant had been cooking methamphine in the shed behind the house, and, that Trembley was fearful for her life if she said anything about the matter.

Movant cites *Brown*, 45 S.W.3d at 507, in support of his assertions, however, *Brown* does not assist Movant and is factually distinguishable. The only real similarity between *Brown* and the instant matter is that both cases involved an *Alford* plea. In *Brown*, the defendant pled guilty to a charge of trafficking in the first degree, a violation of section 195.222.8(2), RSMo 1994. *Id.* at 508. However, the primary factual evidence the State presented in support of the plea of guilty, was that the *Brown* movant was cleaning up a methamphetamine lab after he found it in his basement. *Id.* at 512. In reversing the motion court, the appellate court wrote, "we are not convinced that Brown understood the facts recited by the judge or the prosecutor or that he was aware of the nature and element of the charge to which he was pleading guilty." *Id.* at 511–12. Accordingly, the appellate court determined the plea court should not have accepted the *Brown* movant's plea of guilty, because the plea court had failed to estab-

lish a proper factual basis for that offense, contrary to Rule 24.02(e). *Id.*

Here, as previously set out, an adequate factual basis was demonstrated to show that Movant knowingly manufactured methamphetamine. The motion court's denial of Movant's Rule 24.035 was not clearly erroneous. The motion court's judgment is affirmed.

SHRUM, J., and BATES, C.J., concur.