William BLAIR, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53930.

Missouri Court of Appeals, Eastern District, Division One.

May 10, 1988.

Steven E. Jordon, Asst. Public Defender, Farmington, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Pursuant to a plea agreement, movant entered an *Alford* plea of guilty to attempted burglary, second degree. The state agreed to reduce the charge from attempted first-degree burglary to attempted second-degree burglary and to make no recommendation regarding movant's sentence. The trial court carefully and thoroughly questioned movant and determined his *Alford* plea of guilty was voluntary, knowing, and intelligent. It accepted his plea and sentenced him to five years' imprisonment.

In his pro se Rule 27.26 motion movant primarily contended he entered his *Alford* plea of guilty because he was told that if he did so he would get probation, but instead he received a five-year sentence. Counsel was appointed to represent movant. The state moved to dismiss the motion on several grounds. The motion court sustained the state's motion, and it issued findings of fact and conclusions of law, denying movant's motion.

Movant's first point on appeal is that the court erred in denying his motion because his *Alford* plea of guilty was not voluntarily, knowingly, and intelligently made. He argues he relied upon his trial counsel's assurances he would receive probation in entering his *Alford* plea.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ The court questioned movant in detail, ascertaining his understanding of the nature of an *Alford* plea, and that he waived several constitutional rights by entering his plea. The court determined movant was not under the influence of drugs or alcohol, was satisfied with his attorney's counsel and representation, and waived a formal arraignment on the reduced charge. The prosecutor stated the evidence against movant. Movant affirmed that it was his desire to enter an *Alford* plea of guilty.

The trial court also specifically questioned movant regarding the plea agreement:

Q. [the court] Mr. Blair, as you've indicated and as I've already mentioned, the State, by way of plea negotiations in your case, agreed to and has reduced the charge against you to attempted burglary second degree, a class D felony; do you understand that?

A. Yes, sir.

Q. The State has also agreed to remain silent and make no recommendation at time of the sentencing, did you understand that also?

A. Yes, sir.

Q. Now, other than that and what we've talked about, any other promises or any other kind of agreement that you say has been made, other than what we've just talked about on the record?

A. No, sir.

Q. That's the full extent of the agreement, is that right?

A. That's it.

Q. Do you understand that no one can promise you what your sentence will be and that any such promises, if made, are not binding upon the Court and that the Court can impose any sentence within the range of punishment permitted by law, which I've indicated to you?

A. Yes, sir.

Q. Now, in connection with that, I've asked you a number of times about any promises made. I want you to understand now that, and I do not suggest that Mr. Dunivan has done this in your case or would do it in any other case, but if you try to come back at a later date and tell me that Mr. Dunivan promised you that you were going to get probation, let's say, they're going to ask you about it, to lie and not admit that to the judge. I'm not going to believe at all when you try to tell me that. So with that said, if there's any other promises this is your one and only chance to tell me about it, you understand?

A. There is no promises.

The motion court's finding that the record refutes movant's claim is not clearly erroneous.

 Movant also argues his *Alford* plea was involuntary because the trial court did not inform him of the range of punishment for attempted second-degree burglary. This claim was not raised in movant's motion and cannot now be raised for the first time on appeal. *Stokes v. State*, 671 S.W. 2d 822, 824 (Mo.App.1984). Movant's point is denied.

In his second point relied on movant states the following:

The court erred in not stating in sufficient particularity its findings of fact and conclusions of law ... in that the court's finding of facts concerning the range of punishment must be stricken due to the courts [sic] failure to advise movant of said range of punishment.

This point patently lacks merit. The motion court made specific findings of fact

and conclusions of law, covering each allegation in movant's pro se motion. The findings and conclusions are sufficient to permit meaningful appellate review of this case. *See McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App.1981). Further, the court made no finding regarding the alleged failure of the trial court to inform movant of the range of punishment, because, as already stated, this contention was not raised in movant's motion.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.