**Robin MILLIGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40789.**

Missouri Court of Appeals,
Western District.

April 25, 1989.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 30, 1989.

Application to Transfer Denied Aug. 1, 1989.

---

Fred Duchardt, Public Defender, Liberty, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., MANFORD and GAITAN, JJ.

BERREY, Judge.

Robin Milligan appeals the denial of his Rule 27.26 motion for post-conviction relief after an evidentiary hearing. Movant ar-

gues that the trial court erred in overruling his Rule 27.26 motion because he did not fully understand his right to a jury trial, he relied upon certain promises made to him by counsel which did not come to fruition, and because the plea court accepted movant's plea of guilty without inquiring and ascertaining facts about the factual basis for movant's plea. The judgment of the motion court is affirmed.

On March 22, 1982, movant pled guilty to a charge of first degree robbery. Movant's plea was taken as a result of a plea agreement between the parties wherein "the State has agreed to dismiss the robbery count and all charges under CR81–1611 and dismiss Counts 2, 3, and 4 of CR81–1354." Essentially, this reduced the charges filed against movant to one charge of first degree robbery. It must also be noted that each count of the information charged that a participant in the robbery was armed with deadly weapons. In exchange for the dismissal of the other charges, the movant pled guilty to Count I of CR81–1354. The prosecutor stated, "The State will recommend sixteen year sentence to run consecutive to a five years MDC the defendant received under CR78–0929 which he's in violation in this robbery case of that previous burglary, so it would be sixteen and five consecutive...."

Sentencing on the robbery charge in Count I of CR81–1354 occurred on June 28, 1982. As agreed, movant was sentenced to sixteen years on Count I to run consecutively with the five years which had been imposed in CR78–0929.

Movant's original Rule 27.26 petition was filed pro se on November 28, 1983. He alleged that he was denied effective assistance of counsel because "his counsel used Trickery and Deceit to get him to plead guilty." He further alleged that he had been denied equal protection and due process because the trial judge did not give him an opportunity to present information about his case to the court. Through counsel, on November 10, 1987, an amended motion was filed. Movant alleged that his attorney did not explain what "consecutive" meant as opposed to "concurrent" in regard to sentencing and that he would only have to spend five years in prison before becoming eligible for parole.

An evidentiary hearing was held on December 18, 1987. Movant and Brian Franklin, movant's co-defendant in connection with the underlying charges, testified in support of movant. Joseph Locascio, movant's trial counsel, testified on behalf of respondent. On January 6, 1988, the motion court entered findings of fact and conclusions of law. The court found that movant "knowingly and voluntarily" entered a guilty plea and that movant's testimony "that he did not understand the meaning of consecutive sentences at the time he entered his plea" was not credible. The court also found that a factual basis existed for the plea. Movant appeals.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the court hearing the motion are clearly erroneous. *Bailey v. State*, 738 S.W.2d 577, 578 (Mo.App. 1987). An appellate court will find the findings and conclusions of the hearing court clearly erroneous only if left with a definite and firm impression that a mistake has been made. *Nave v. State*, 757 S.W.2d 249, 251 (Mo.App.1988).

There are two parts to the test for ineffective assistance of counsel. In order to prevail on his claim, movant must show: (1) that performance of counsel was lacking in the care and skill of a reasonably competent attorney acting in similar circumstances; and (2) that as a result movant was prejudiced by the alleged ineffectiveness of counsel. *Baker v. State*, 670 S.W.2d 597, 598 (Mo.App.1984).

Movant's first complaint is that the trial court erred in overruling his petition as movant was denied effective assistance of counsel in that movant entered his plea relying on certain promises made by and through his trial counsel and did not fully understand his rights to a jury trial. Movant claims that trial counsel did not bring to fruition what was promised and movant was thereby prejudiced. Movant claims that he was promised concurrent sentences

but received consecutive sentences and that he was also promised that he would be eligible for parole after serving five years.

■ The motion judge found this contention not credible. The credibility of witnesses is to be determined by the motion court and it may reject testimony even when no contrary evidence appears. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). The trial court's determination is entitled to considerable deference. *Pool v. State*, 670 S.W.2d 210, 211–12 (Mo.App. 1984).

■ At the hearing on the guilty plea the prosecutor clearly stated that the recommended sixteen year sentence was to be *consecutive*. Movant's plea counsel, Mr. Locascio, reiterated the prosecutor's explanation of the plea stating that, "the State has entered into an agreement with defendant that they will recommend sixteen—no more than sixteen years to run consecutive to the five years that the defendant most likely will receive in CR78-0929." The judge pronounced sentence accordingly. Movant presents no real reason why the motion court's findings on this point should be overturned. Nor does movant's bold assertion, that he understood he'd be out in five years merit serious consideration as it was refuted by Mr. Locascio at the motion hearing.

Furthermore, movant does not demonstrate any prejudice as a result of his alleged "misunderstanding." Testimony on this point clearly demonstrates why movant's contention lacks merit:

Q. All right. Assuming that you had counsel at that time that you trusted, and assuming that you knew that you would not be released from the penitentiary within five years, would you have back then insisted upon going to trial, or would you have gone ahead and accepted the plea agreement anyway?

A. Had I had counsel that I could—that I could have felt that I could really trust, then I probably would have accepted the plea of sixteen years.

Q. Even though it was consecutive, even though it was stacked one on top of the other?

A. Yes.

Appellant explained his distrust for plea counsel on the grounds that another attorney in the same office represented his co-participant. Yet, when asked what he would do if he had to do it all again, he replied, "I believe that I would enter a plea of guilty today."

Movant's Point I is denied.

Movant further complains that the motion court erred in its denial of his Rule 27.26 motion because the plea court did not sufficiently inquire and ascertain information about the factual basis for movant's plea of guilty.

■ Rule 24.02(e) mandates that, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." If the facts presented to the court fall short of establishing the commission of a crime then the offered plea should not be accepted. *Jones v. State*, 758 S.W.2d 153 (Mo. App.1988). It is not necessary for defendant to admit to or recite the facts that constitute the offense as long as a factual basis for the plea does, in fact, exist as a factual basis is established if the defendant understands the facts outlined by the judge or prosecutor. *Id.*

■ Movant specifically complains that a factual basis is absent because the plea record does not show that a weapon was employed in the robbery. It is claimed that a factual basis exists only for finding the crime of second degree robbery for which the maximum sentence authorized is fifteen years and that a movant's punishment should be reduced accordingly. Movant is in error.

In the plea hearing, movant admitted entering a Radio Shack, tying three people up and taking some stereo equipment and car tapes. The information, in Count I, alleged the following:

Robin L. Milligan either acting alone or knowingly in concert with another, forcibly stole misc. property, television, radi-

os, stereos, cassets [sic] players, police scanners, owned by Radio Shack, a corporation and in the custody of Jo Ann Crouser and Larry Fisher, and in the course thereof Brian Franklin, another participant to the crime was armed with deadly weapons.

A plea of guilty is an admission as to the facts alleged in the information. *Sales v. State,* 700 S.W.2d 131, 132 (Mo.App.1985). The facts in the information to which movant pled guilty are a sufficient factual basis for first degree robbery. *See* § 569.020, RSMo 1986. Movant's Point II is denied. The order of the motion court, overruling movant's Rule 27.26 motion for post-conviction relief is affirmed.

All concur.