Bryan YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

No. 56607.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant pleaded guilty to two counts of armed criminal action and one count each of burglary first degree, rape, sodomy, robbery first degree, assault first degree and arson first degree. The circuit judge sentenced him to eight concurrent sentences, the rape, sodomy and armed criminal action counts each receiving seventy-five year sentences and the other charges receiving lesser sentences. Movant later filed a pro se Rule 24.035 motion which raised three contentions. This motion was denied without an evidentiary hearing.

Movant now appeals, claiming that the trial court erred in dismissing his motion because the record did not refute his claim that counsel was ineffective in failing to investigate the claim that movant was under the influence of phencyclidine when he committed the crimes. Movant argues that because counsel failed to develop this defense, movant felt he had no alternative but to plead guilty.

 A Rule 24.035 movant is only entitled to an evidentiary hearing if (1) he alleges facts, not mere conclusions, which would warrant relief if true; (2) the allegations are not refuted by the record, and (3) if movant was prejudiced by the alleged errors. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). Upon appeal of the denial of such a motion, this court may only determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

The relevant point in movant's pro se motion specifically referred to Chapter 552, RSMo 1986, which concerns mental illness. Under section 552.015.2(8) evidence of mental disease or defect is admissible to show whether defendant had the state of mind necessary to commit the offense charged. Section 552.010 defines "mental disease or defect" to include drug abuse with psychosis, but does not include all cases of drug abuse or a single incidence of intoxication.

The transcript of the guilty plea hearing reveals that the judge examined movant about any history of drug abuse and movant failed to identify any such history. Movant also stated that his trial counsel had done everything movant asked him to do and that counsel had made no omissions which forced movant's guilty plea. Thus, the record refuted movant's claims. In addition, the facts alleged in the motion, even if true, do not indicate that movant suffered from drug abuse with psychosis. The motion court was not clearly erroneous in denying movant relief on this point.

The judgment of the motion court is affirmed.

SIMON, C.J., and SIMEONE, Senior Judge, concur.