Derrick J. GREEN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17205.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1991.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webser, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant entered an *Alford* plea of guilty to forgery, § 570.090, first degree burglary, § 569.160, and second degree robbery, § 569.030. The trial court sentenced movant to terms of seven years, eleven years and eleven years to be served concurrently with each other and with any other sentence in other counties. Movant's first amended motion under Rule 24.035 alleges he received ineffective assistance of counsel because he had not entered his guilty plea voluntarily, knowingly and intelligently. The motion court denied movant's motion without an evidentiary hearing. Movant appeals.

Movant's sole point on appeal is that the motion court erred by denying his motion for postconviction relief because

> "appellant alleged ... that appellant's counsel ... failed to advise appellant of the consequences of an Alford plea of guilty and if appellant had been properly advised he would not have entered a guilty plea."

Counsel presents this point at movant's request.

■ Movant was entitled to an evidentiary hearing only if (1) he alleged facts which would warrant relief if true; (2) the allegations were not refuted by the record, and (3) movant was prejudiced by the alleged errors. *Young v. State*, 784 S.W.2d 322 (Mo.App.1990). Movant's point does not allege facts which warrant relief. By an *Alford* plea a defendant does not admit guilt but pleads guilty because he believes the state can prove his guilt. A necessary consequence of such a plea is a plea of guilty. The movant's allegation stated nothing.

Moreover, a review of the record reveals the trial court repeatedly told movant that if he had any objections to his representation or to waiving his rights upon a guilty plea, he should opt for a trial. Movant stated he understood the explanation by the trial court. When movant was present-ed with the Petition to Enter Plea of Guilty, the trial court admonished movant not to sign the petition unless and until he read and understood it. Movant signed the petition. Cf. *Belcher v. State*, 801 S.W.2d 372 (Mo.App.1990); *Blair v. State*, 749 S.W.2d 721 (Mo.App.1988). Even if movant's allegations stated a basis for relief, those allegations are refuted by the record. His motion was properly denied without an evidentiary hearing. The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.