**Ricky Lee SIMPSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17181.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1991.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Ricky Lee Simpson was charged by information in two separate cases with sale of marijuana in violation of § 195.020, RSMo 1978. He pled guilty to both crimes March 3, 1986. On May 13, 1986, he was sentenced to two ten-year terms of imprisonment to be served consecutively.

On January 28, 1987, Simpson, to whom we shall refer as the defendant, filed a motion for postconviction relief pursuant to Rule 27.26 and filed an amended motion on July 11, 1988. Appointed counsel filed a second amended motion on March 22, 1990, which alleged ineffective assistance of counsel. In this motion defendant stated, among other allegations, that his counsel failed to present sufficient grounds for a continuance, in that his mother had suffered a heart attack and he was too distracted to make an informed and knowing decision to enter a plea of guilty.

On May 16, 1990, an evidentiary hearing was held on the second amended motion. The motion court entered an order on August 9, 1990, which contained findings of fact and conclusions of law. Relief was denied defendant.

The pertinent facts found by the motion court are:

The contemporaneous illness of Movant's Mother did not substantially or significantly affect Movant's entry of a plea of guilty.

The motion court then concluded:

Movant was not deprived of effective assistance of counsel, nor were his Sixth Amendment rights to effective assistance of counsel denied or infringed in that Movant's attorney, ... exercised the customary skill and diligence in the representation of Movant that a reasonably competent attorney would exercise under the same or similar circumstances.

Defendant presents one point on appeal alleging he was denied effective assistance of counsel who failed to present sufficient

grounds for a continuance due to his mother's illness. He complains that the lack of a continuance affected his decision to plead guilty, and he was too distracted to make an informed decision.

Our review is limited to a determination of whether the findings, conclusion, and judgment of the trial court are clearly erroneous. Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Blair v. State*, 749 S.W.2d 721, 722 (Mo.App.1988). Our review of the entire record leaves us with the firm impression that no mistake has been made.

Defendant was the only witness to testify at his evidentiary hearing. He testified that he understood exactly what it was to refuse to enter a plea of guilty and go to trial. He stated that no one was twisting his arm to plead guilty. Finally, defendant admitted that prior to this case he was convicted in a jury trial for aggravated battery in 1984, that he entered a plea of guilty to a charge of burglary, and plea of guilty to a charge of escape in 1980. Obviously, defendant had experience with a criminal trial and two guilty pleas.

The decisive question is whether or not defendant's pleas were in fact intelligently and voluntarily made. *Cerame v. State*, 584 S.W.2d 174, 177 (Mo.App.1979). The effectiveness of counsel is relevant only if it affected the voluntariness of the pleas. *Green v. State*, 708 S.W.2d 295, 297 (Mo. App.1986).

The record before us indicates that defendant intelligently and voluntarily entered his pleas of guilty. It shows that his counsel exercised customary skill and diligence in the representation of defendant.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.