**Daniel E. LaBLANCE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 55188.**

Missouri Court of Appeals,
Western District.

Aug. 11, 1998.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before RIEDERER, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Daniel LaBlance appeals the motion court's denial, after an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. He alleges that his guilty plea was not entered knowingly and voluntarily because he was misled by counsel into believing that he would be sentenced to no more than ten years if he pleaded guilty to his second degree murder charge, whereas he was sentenced to fifteen years on that charge. We find that the record does not support Mr. LaBlance's claim, and that the motion court did not err in holding that Daniel entered his guilty pleas knowingly and voluntarily and that his attorney was competent and effective. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant was charged by indictment on October 27, 1995, with the class A felonies of first-degree murder and armed criminal action. He was also separately charged with the class C felony of tampering in the first degree. Later, Defendant executed a Petition to Enter Plea of Guilty on each of the three charges pursuant to a plea agreement reducing the murder charge to second degree murder and providing a sentencing "lid" of twenty years on the murder charge and ten years on the armed criminal action charge. The agreement further provided that the sentences would be served concurrently if Defendant cooperated in the homicide investigation and testified if necessary.

On April 29, 1996, Defendant testified at the plea hearing that he understood that the usual range of punishment for second degree murder was 10 to 30 years and that pursuant to the plea agreement the "lid" on his sentence would be twenty years on that charge, if he cooperated during the period before sentencing. Defendant further testified that he was guilty of the offense charged, and explained his role in the crime to the court. He said he was satisfied with the services of his attorney, had sufficient time to talk with his attorney, that he was not forced to plead guilty, and that he was pleading guilty because he was guilty. He specifically testified that no one had made any promises to him other than the plea bargain in order to persuade him to plead guilty. The court accepted Defendant's guilty pleas as knowingly and voluntarily made.

On August 30, 1996, Defendant appeared for a sentencing hearing. At the hearing the following exchange occurred between the Court, counsel and Defendant:

> The Court: ... the record reflects that at the time of the guilty plea, the agreement was that on the second degree murder charge the maximum sentence would be 20 years .... is that correct as I stated it?
>
> The Prosecutor: It is.
>
> The Court: Mr. Smith, is that correct?
>
> Def. Counsel: That's correct.
>
> The Court: Mr. LaBlanck [sic], is that your understanding when you pled guilty back in April of this year?
>
> Defendant: I believe so, yeah.
>
> The Court: And you understood that provided you cooperated those would be the recommended maximums and those sentences would run concurrent?
>
> Defendant: Yeah.

The prosecutor then recommended a twenty year sentence. Defense counsel requested a ten-year sentence. The Court stated that,

after considering the circumstances, it would impose a fifteen year sentence on the murder charge, ten years on the armed criminal action charge, and seven years on the tampering charge, each of the sentences to be served concurrently.

Following sentencing, the court questioned Defendant as to his satisfaction with defense counsel. Defendant stated that he had enough time to discuss the cases with his counsel before pleading guilty, although he felt that counsel should have discussed the case with him more often. Defendant stated that he had originally wanted to go to trial, not to plead guilty, but counsel recommended to the contrary. The Court then asked him if he had personally been present at the guilty plea hearing and pleaded guilty to the reduced charge in exchange for the recommendation by the state, and Defendant said "yes". The following exchange then occurred:

> The Court: And he [defense counsel] didn't force you to do that [plead guilty], did he?
>
> Defendant: No, he didn't. He gave me a different impression. See, I thought—I didn't know—*he gave me the impression it was going to be ten years or drop it to manslaughter.*

(emphasis added).

Subsequently, Defendant filed a motion for post-conviction relief pursuant to Rule 24.035. In that motion, as amended, he claims he was denied effective assistance of counsel in connection with his decision to enter a guilty plea because his trial counsel misled him into believing he would receive no more than a ten-year sentence if he plead guilty to the second degree murder charge. Defendant does not then request us to vacate his guilty plea, however; he instead asks us to remand with directions to the court below to impose the sentence Defendant says he thought he would get—ten years.

An evidentiary hearing was held on September 5, 1997. At the hearing, Defendant testified that his counsel only told him right before the plea hearing that the prosecutor would not lower the charge to manslaughter. He also said his counsel had told him that the prosecutor would not oppose a request for

ten years, and this was the sentence he thought he would receive, even though the "lid" was twenty years. He also admitted, however, that a 10-year sentence was not part of the plea agreement and that he had testified at his prior hearing that no promises had been made other than those in the plea agreement.

Defendant's trial counsel, Mr. Smith, also testified at the post-conviction motion hearing. He said that he had told his client that he would try to get him either a reduction to manslaughter or a ten-year sentence, but that he had not promised either. He said he fully explained the potential sentence range to his client and felt his client understood that information. He further testified the plea was voluntary and he felt he had done a good job for defendant in getting that plea agreement.

■ The court clearly believed Mr. Smith's testimony. He found that the mere fact that counsel had indicated he would try to get a ten-year sentence did not render the plea involuntary when the sentence turned out to be longer. He further found that Defendant had indicated satisfaction with counsel at the plea hearing and had said no additional promises were made, and that Defendant's later claims to the contrary were contradicted by the record. He therefore denied Defendant's 24.035 motion. Defendant appeals.

## II. STANDARD OF REVIEW

Appellate review of denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

## III. DEFENDANT'S PLEA WAS VOLUNTARY AND WILL NOT BE VACATED OR MODIFIED

Defendant's only point on appeal is that his guilty plea was not entered into knowingly or

voluntarily because he was denied effective assistance of counsel in that counsel allegedly gave him the false impression that he would receive a sentence of ten years if he pleaded guilty to the second degree murder charge, not fifteen years. He therefore asks that we remand with directions to the trial court to reduce his sentence to ten years.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey,* 901 S.W.2d 886, 893 (Mo. banc 1995). Prejudice in a guilty plea case is proved by evidence showing a reasonable probability that, but for the attorney's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Roll,* 942 S.W.2d 370, 374–75 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997).

Here, Defendant claims that his plea was not voluntary. Guilty pleas must be knowingly and voluntarily made. If Defendant had a mistaken belief about his sentence, it could entitle him to relief if the mistake was based on a positive misrepresentation on which he was entitled to rely, and if the mistake was reasonable. In determining whether a defendant's mistaken belief was reasonable, we determine whether "there was a reasonable basis in the guilty plea record for the defendant to have such a belief." *Johnson v. State,* 921 S.W.2d 48, 50 (Mo.App.1996).

Here, the court below found that Defendant's allegations entitled him to an evidentiary hearing. Following that hearing, however, the court concluded that counsel had not misrepresented the potential sentence nor had he promised a ten-year sentence, and that Defendant's claim that he had a

belief that he would be sentenced to only ten years was not reasonable. As noted above, we will reverse this determination only if we find that the trial court's ruling was clearly erroneous and we are left with the definite and firm impression that a mistake has been made. *Leisure,* 828 S.W.2d at 874.

We are not convinced that a mistake was made here. Although Defendant asserts that he was misled by trial counsel to believe that if he pleaded guilty to the second degree murder charge, he would receive no more than a ten-year sentence, the record conclusively refutes this claim. It shows that he was specifically informed that he could receive a sentence of up to twenty years, that the judge was not required to accept counsel's request for a ten-year sentence, and that no promises had been made other than the plea agreement. Even had the court believed Defendant's testimony, he simply said that counsel had given him the "impression" that the Court would impose a ten-year sentence; such an impression does not constitute a promise, much less a promise on which Defendant had a right to reasonably rely. Moreover, the record shows that counsel for Defendant denied making any promises or predictions; he simply told Defendant that he hoped he could get the charge reduced to manslaughter or that the sentence would be no more than ten years. The trial court was clearly free to believe this testimony, as it did.

Finally, as noted above, in order to show that a plea was involuntary, Defendant must show that but for the misrepresentation of counsel he would not have pleaded guilty and would have insisted on going to trial. Here, Defendant does not assert that he would not have pleaded guilty absent the plea agreement, however. Rather, he requests us to remand with directions to the court below to "correct" his sentence to make it consistent with his mistaken belief that he would be sentenced to only ten years on the murder charge.

Defendant cites no authority to support his request, and we find none.[1] While Rule

---

1. Defendant does cite us to *Keller v. State,* 566 S.W.2d 260 (Mo.App.1978). However, that case

only affirmed a trial court's authority to correct a sentence where the court finds it inconsistent

24.035 does permit resentencing, it nowhere suggests resentencing should be ordered where, as here, Defendant received the very sentence set out in the plea agreement. Moreover, while it might be equitable in a particular case to require a court to sentence a defendant to a sentence which the prosecutor had promised, that is not the case here, for it is evident from the record that the prosecutor at no time agreed to a ten-year sentence, and the court at no time agreed to such a sentence. What Defendant asks is that he receive the sentence he and his counsel predicted or hoped for; clearly, if that were the rule, it would be a foolish prisoner who would not claim he really thought he would have been sentenced to less time.

Because we find that Mr. LaBlance's plea was voluntary and that the record supports the trial court's denial of post-conviction relief, we affirm.

RIEDERER, P.J.; and LOWENSTEIN, J., concur.

with a promise made; it does not purport to require a court to impose only the sentence a

defendant mistakenly believed he would receive.