**William L. STAVRICOS, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 22234.

Missouri Court of Appeals, Southern District, Division One.

Nov. 13, 1998.

---

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Atty. General, Jefferson City, for Respondent.

PREWITT, Presiding Judge.

Movant appeals from the denial of his motion for post-conviction relief under Rule 24.035. The motion was denied following an evidentiary hearing. Movant sought to vacate a conviction for receiving stolen property. Section 570.080, RSMo 1994. Movant was charged as a persistent offender. Section 558.016, RSMo 1994.

At the plea hearing, Movant entered a plea of guilty to the charge, saying that he agreed with "most of" the facts set out by the State, and that he basically did what the State had alleged. The court accepted the plea of guilty, ordered a pre-sentence investigation report, and set sentencing for a later date. At the sentencing hearing, Movant sought to withdraw his plea of guilty, stating that the car searched was not his and that he could prove the property was not his. The sentencing judge overruled the motion and sentenced Movant to a term of twelve years in the Department of Corrections.

Movant timely filed a *pro se* motion to set aside his guilty plea. Appointed counsel later filed an amended motion that alleged, in part, the plea was involuntary because Appellant entered the plea in reliance on counsel's assurance that Movant would be sentenced to no more than eight years. Movant testified at the evidentiary hearing that his counsel advised him to reject the offer from the State of eight years' imprisonment because he would most likely get less time if he entered a plea without any agreement.

Movant presents one point relied on, alleging ineffective assistance of counsel because Movant's decision to plead guilty was unknowing and therefore involuntary. Appellate review is to determine whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). A judgment is clearly erroneous when this court, after a review of the record, is left with the definite and firm impression that a mistake has been made. *Sidebottom v. State,* 781 S.W.2d 791, 795 (Mo.banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

At the evidentiary hearing, Movant had the burden of proving grounds for relief by a preponderance of the evidence. Rule 24.035(I). "Deference is given to the trial court's opportunity to judge the credibility of witnesses. The trial judge can disbelieve testimony even where uncontradicted." *Buckle v. State,* 885 S.W.2d 37, 38 (Mo.App. 1994). There is a strong presumption of competency of counsel, which movant bears a heavy burden to overcome. *Risalvato v. State,* 856 S.W.2d 370, 373 (Mo.App.1993).

Where there is a plea of guilty, effectiveness of counsel is relevant only as affecting the voluntariness of the plea. "To

sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Buckle*, 885 S.W.2d at 38. All errors are waived by a guilty plea except those that are relevant to the voluntary nature of the plea. *Walker v. State*, 698 S.W.2d 871, 874 (Mo.App.1985). Movant must establish that counsel's serious dereliction of duty materially affected his substantive rights "and further show that his guilty plea was not an intelligent or knowing act." *Risalvato*, 856 S.W.2d at 374.

■ Movant argues in his point that his plea counsel was ineffective for advising him that he would get a sentence of less than eight years if he entered an "open" plea to the charge. When Movant appeared in the circuit court to enter his plea, the following exchange transpired:

THE COURT: It's my understanding that there is an offer out there that you could plead guilty to a straight fifteen years as a prior and persistent offender. Is that your understanding of what the offer is?

THE DEFENDANT: Yeah, I did hear an offer about eight years at one time, too.

[COUNSEL]: That's been withdrawn, Your Honor. The offer's now

fifteen years.

THE COURT: Okay. You understand the offer—

[COUNSEL]: That's the last offer that's been relayed to me.

THE COURT:—and that that would establish a concrete number of years that you would be sentenced to. Do you understand that? That is what the offer is?

THE DEFENDANT: Yeah, at the time the offer was made, I was under the impression that the maximum sentence was fifteen. So its like they weren't really offering anything.

THE COURT: Right. I understand that. But now, if you do a stand-up plea to this without a plea agreement, Judge

Anderson can sentence you up to twenty years. He can sentence you to one day, but he can sentence you up to twenty years.

THE DEFENDANT: I understand, Your Honor.

THE COURT: So, you're kind of rolling the dice and hoping for less than fifteen, is [that] what you're doing?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And that's what you want to do?

THE DEFENDANT: Yes, sir.

In the Findings of Fact and Conclusions of Law entered following the evidentiary hearing, the court found that plea counsel "did not tell Movant he would receive a maximum of eight years if he entered an 'open' guilty plea." The court further found that Movant rejected a plea offer of eight years, and then the offer was withdrawn. The motion court concluded that "Movant's own testimony therefore contradicts his assertion that he would have accepted the State's eight year offer but for counsel's 'misadvice,' [and that] Movant's own statements during his plea indicate he understood he could receive any sentence within the statutory limits."

Under the applicable standard of review, we do not find the findings, conclusions, and judgment of the motion court to be clearly erroneous. Rule 24.035(k).

The judgment is affirmed.

CROW and PARRISH, JJ., concur.