Darrell FELTON, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 25046.

Missouri Court of Appeals,
Southern District,
Division Two.

April 28, 2003.

Ellen H. Flottman, Assistant State Public Defender, of Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joel A. Block, Assistant Attorney General, respondent–respondent.

JAMES K. PREWITT, Presiding Judge.

Movant was charged by information with four counts of the class D felony of endangering the welfare of a child in the first degree, § 568.045, RSMo. The four counts arose from two separate incidents, the first occurring on October 25, 1999, when it was alleged that Movant "knowingly acted in a manner that created a substantial risk to the life or body or health of A.H., ... by kicking her in the stomach and or throwing hedge apples at her." A second incident occurring in the family home on November 13, 1999, started with a fight between Movant and his wife and resulted in a charge of three counts of endangering the welfare of a child in the first degree, when Movant

"knowingly acted in a manner that created a substantial risk to the life or body or health of" three minor female children "by striking [them] with his fists."

Movant entered pleas of guilty to the above charges in exchange for the dismissal of a "pending charge against the Movant alleging the unclassified felony of statutory sodomy in the first degree." The trial court ordered a pre-sentencing investigation and set a date and time for the sentencing hearing.

On January 2, 2001, the trial court sentenced Movant to five years' imprisonment on the single count in Case No. 299–1071FX. In Case No. 299–1104FX, Movant was sentenced to five years' imprisonment on Count I and received another five year sentence under Count II. The sentences were ordered to run consecutively.

Pursuant to Rule 24.035, Movant timely filed a *pro se* motion to vacate, set aside or correct the judgment or sentence. Counsel was appointed and an amended motion was filed June 25, 2001, alleging ineffective assistance of counsel that rendered Movant's guilty pleas involuntary and unknowing because counsel "misadvised movant that the worst he would receive from his guilty plea was five years in prison and that he had a very good chance for probation." Movant further alleged that he "was denied due process in that the plea court accepted the guilty pleas and entered judgments against movant without a sufficient showing of a factual basis for all charges." The motion court denied Movant's claims without an evidentiary hearing. Movant appeals.

■ Review of a Rule 24.035 motion for post-conviction relief is limited to determining whether the judgment of the motion court is clearly erroneous. Rule 24.035(k); *State v. Roll*, 942 S.W.2d 370, 375 (Mo.banc 1997). The motion court's rulings are presumed correct and will be found clearly erroneous if, on review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991).

In his first point, Movant contends that there was no showing of an adequate factual basis "to support the plea, in that [Movant] was never asked about any facts regarding his knowingly creating an actual risk to the health of the children, nor did the prosecutor allege that any facts about [Movant's] knowingly creating an actual risk to the health of the children could be proved at trial."

■ "A plea court is obligated to determine facts which defendant admits by his [or her] plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App.1993). Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The court must reject a guilty plea if the facts do not establish an offense. *Ennis v. State*, 887 S.W.2d 771, 773 (Mo.App.1994). "[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Bishop v. State*, 969 S.W.2d 366, 368 (Mo.App.1998).

Section 568.045.1(1) provides that "[a] person commits the crime of endangering the welfare of a child in the first degree if: (1) The person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old."

■ A review of the transcript from the plea proceeding reveals that the trial court ascertained that Movant could read and

write, had no mental-health issues, and was not under the influence of any drugs, alcohol or narcotics at that time. In response to the court's inquiries, Movant answered affirmatively when asked if he understood the charges against him; if his pleas were free and voluntary; if he understood he was waiving his right to a trial by jury and was advised of the consequences of so doing; if Movant had read the petition to enter a guilty plea, understood its contents and signed the same; if counsel had discussed the offenses with Movant and explained the nature of the charges; and, if Movant understood with what he was charged and the possible penalty on each count to which he was pleading guilty.

The assistant prosecuting attorney's rendition of the facts of the case and subsequent inquiry by the trial court is set forth below:

> [ASSISTANT PROSECUTOR]: Your Honor, with regard to Case No. 299–1071, state alleges that on or about October 25th, 1999, in Christian County, State of Missouri, the defendant acted in a manner that created a substantial— knowingly acted in a manner that created a substantial risk to the life or body or heath of an [A.H.], a child less than 17 years old, by kicking her in the stomach or throwing hedge apples at her.
>
> With regard to Case No. 1104F the state alleges in Count I that on or about November 13, 1999, in Christian County, State of Missouri, the defendant knowingly acted in a manner that created a substantial risk to the life or body or health of A.F., born May 21st, 1989, a child less than 17 years old by striking her with his fists.
>
> With regard to November 13th, 1999, Christian County, State of Missouri, the defendant acted in a manner that created a substantial risk to the life or body

> or health of E.F., born February 25th, 1987, a child less than 17 years old, by striking her with his fists; and likewise, on November 13th, 1999, the defendant knowingly acted in a manner that created a substantial risk to the life or body or health of A.H., born September 16th, 1984, a child less than 17 years oldy, by striking her with his fists.
>
> Your Honor, on that occasion there was a fight at the family home, where the testimony would be that the defendant struck [A.F.], his daughter who was under 17, [E.F.], [A.H.], who are the respective victims in Counts I, II, and III. Likewise, in the other case, it would be the testimony of [A.H.], as well as other members of the family, that he kicked her and threw hedge apples at her.

> THE COURT: All right, did you hear what the prosecutor said about the facts?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has he accurately stated the facts?
>
> THE DEFENDANT: Yes, sir.

■ A factual basis for the plea is established if the defendant understands the facts as outlined by the judge or prosecutor. *Green v. State*, 829 S.W.2d 629, 630 (Mo.App.1992). Here, Movant agreed that the facts were accurately stated.

■ In addition, it is not necessary that the facts sufficient to determine defendant's guilt and establish each element of the crime with which defendant is charged be adduced at the plea hearing itself, so long as defendant has been made aware of the nature of the charges at some time prior to the court's acceptance of his plea. *Ivy v. State*, 81 S.W.3d 199, 205 (Mo.App. 2002). At the plea hearing, the trial court questioned Movant as to whether he had discussed the offenses with his counsel, whether counsel had explained the nature

of the charges to Movant, and whether Movant understood the charges, to which Movant responded in the affirmative. Movant agreed that his pleas were "free and voluntary" and that he was "in fact guilty as charged."

■ "A plea of guilty is an admission as to the facts alleged in the information." *Milligan v. State*, 772 S.W.2d 736, 739 (Mo.App.1989). "Knowingly acted" was provided in each count of the information charging Movant with endangering the welfare of a child in the first degree. "Knowingly acted" was also included in the recitation of the charges by the assistant prosecutor at the plea hearing. The facts in the information to which Movant pled guilty are a sufficient factual basis for child endangerment in the first degree. *See* § 568.045.1, RSMo.; *Milligan* at 739. Point I is denied.

For his second point, Movant contends that he received ineffective assistance of counsel "in that counsel advised [Movant] that the worst case scenario for sentencing would be five years, and he would likely receive probation." Movant further contends that he "would not have pleaded guilty but for this advice; therefore, the ineffective assistance of counsel he received rendered his plea involuntary."

A successful claim of ineffective assistance of counsel entails a two-part showing. First, the defendant must demonstrate that counsel's performance was deficient, that is, counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Williams v. State*, 8 S.W.3d 217, 219 (Mo.App.1999), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requires a showing that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. *Williams*, 8 S.W.3d at 219.

■ Second, the defendant must show counsel's deficient performance prejudiced his or her defense. *Id.* This requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* Counsel's performance will not be deemed ineffective under the Sixth Amendment unless both prongs of the *Strickland* test have been established. *Id.*

■ Where there is a guilty plea, effectiveness of counsel is relevant only as affecting the voluntariness of the plea. *Stavricos v. State*, 979 S.W.2d 534, 535 (Mo.App.1998). All errors are waived by a guilty plea except those that are relevant to the voluntary nature of the plea. *Id.* at 536. The burden of proof is upon Movant to demonstrate that his guilty pleas were not knowingly and voluntarily entered. *Walker v. State*, 698 S.W.2d 871, 874 (Mo.App.1985). In a 24.035 motion, the movant must establish his grounds for relief by a preponderance of the evidence. Rule 24.035(i).

■ Movant's expectation of a lighter sentence than that actually received does not make a plea involuntary. *Loudermilk v. State*, 973 S.W.2d 551, 554 (Mo.App.1998). "A mere prediction or advice of counsel will not lead to finding of legal coercion rendering a guilty plea involuntary." *Id.*

■ If movant had a mistaken belief about his sentence, it could entitle him to relief if the mistake was based on a positive misrepresentation on which he was entitled to rely, and if the mistake was reasonable. *LaBlance v. State*, 975 S.W.2d 472, 475 (Mo.App.1998). In determining whether a movant's mistaken belief was reasonable, we determine whether

"there was a reasonable basis in the guilty plea record for the defendant to have such a belief." *Id.*

■■■ Here, the court inquired and the parties agreed that there was no formal plea agreement as to punishment.

THE COURT: I see here you have some sort of a plea agreement?

[DEFENSE COUNSEL]: There is no plea agreement per se, Your Honor. The state is just dismissing the statutory sodomy.

THE COURT: Okay. So, the statement that the prosecutor has agreed to dismiss that in return for the guilty plea is not a plea agreement. Is that what the deal is?

[DEFENSE COUNSEL]: That's my understanding, Your Honor.

THE COURT: Is that right there, Mr. Thomas [Prosecutor]?

PROSECUTOR: Well, Your Honor, to the extent that there is an agreement to dismiss that statutory sodomy there is an agreement, but this is a stand-up plea on these charges here.

Regarding the range of punishment, the trial court asked Movant the following: "Do you understand the maximum penalty on each count is five years in the state penitentiary?" To which Movant responded, "Yes, sir." [LF 20] The court accepted the guilty pleas.

Movant's petition to enter a plea of guilty was signed by Movant. At the plea hearing, the trial court asked Movant if he had read and understood the petition to enter a guilty plea. Movant responded that he had. Paragraph 8 of Movant's petition to enter a guilty plea provided: "I know that if I plead GUILTY, there will be no trial either before a Court or jury, and the Court may impose the same punishment as if I had pleaded NOT GUILTY, stood trial and been convicted by a jury." Paragraph 13 provided "that no officer or agent of any branch of government: (Fed-eral, State or Local) has promised or suggested that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY, except as follows: _____." There was no notation in the blank provided. Paragraph 13 further provided: "I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose."

The motion court, in its findings, conclusions and judgment, noted that "[t]he presentence investigation included Movant's prior criminal history which includes six prior felony convictions, all of which resulted in Movant's incarceration in the Missouri Department of Corrections." Section 577.036.1 provides, in part, that "the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly." Thus, it is within the discretion of the trial court "whether to impose concurrent or consecutive sentences." *State v. Wright*, 998 S.W.2d 78, 83 (Mo. App.1999).

Considering the transcript of the guilty plea hearing and the petition to enter a guilty plea which Movant acknowledged that he had read and signed, we cannot find that Movant's mistaken belief was reasonable, as there was no basis in the guilty plea record for Movant to believe that he would receive concurrent sentences. Point II is denied.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.