Henry D. STIEBEN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26859.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 15, 2005.

Nancy A. McKerrow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Henry D. Stieben ("Appellant") pled guilty to statutory sodomy, but now claims his plea was involuntary because there was an incomplete factual basis to support the plea in that he never acknowledged having sexual contact with the victim was *for the purpose of arousing or gratifying the sexual desire of any person*. We disagree and affirm the denial of his Rule 24.035 motion.[1]

 This Court's review of a lower court's action on a post-conviction motion is limited to a determination of whether the court's finding is clearly erroneous. *Fields v. State*, 950 S.W.2d 916, 918 (Mo. App. S.D.1997). The findings and conclusions of the motion court are clearly erroneous only if, after a review of the entire record, this Court is left "with a definite and firm impression that a mistake has been made." *Simpson v. State*, 816 S.W.2d 286, 287 (Mo.App. S.D.1991). On appeal, we presume the motion court's findings are correct. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005).

 "Rule 24.02(e) provides that '[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea'"; therefore, if the facts do not establish the commission of a crime, the plea should be rejected. *Felton v. State*, 103 S.W.3d 367, 369 (Mo.App. S.D.2003). It is not mandatory at the plea hearing to have every fact enumerated which establishes defendant's guilt. *Id.* at 370. It is only necessary that the defendant be informed, at some point prior to the court's acceptance of his plea, of the facts sufficient to determine his guilt and establish each element of the crime. *Id.* The purposes of the rule are to ensure that the defendant understands the nature of the charges against him, that defendant understands the maximum penalty confronting him, and that the defendant recognizes that "he has waived specific legal rights by pleading guilty." *Saffold v. State*, 982 S.W.2d 749, 753 (Mo.App. W.D. 1998).

This Court held in *Smith v. State*, 141 S.W.3d 108 (Mo.App. S.D.2004), that an appellant needs only to have "an awareness of the nature and elements of the charge to which he or she pleads guilty," and it is not necessary for the plea court to find that the defendant admits to or believes the veracity of the elements charged against him. *Id.* at 111 (quoting *Vann v. State*, 959 S.W.2d 131, 134 (Mo.App.1998)). The initial hesitation or reluctance to admit guilt does not render a later admission invalid so as to destroy the factual basis for the plea. *See Bird v. State*, 657 S.W.2d 315, 316 (Mo.App. E.D.1983) (holding that a guilty plea was valid even though defendant's initial admission was both "hesitant and equivocal").

 An analysis of Appellant's claim that there was an incomplete factual basis

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

to support his plea and the State's response that an adequate basis exists can be resolved from the testimony at the plea hearing in the dialogue between the court, the prosecuting attorney, the defense attorney, and Appellant:

[PROSECUTOR]: Your Honor, if this case were to go to trial, the State's evidence would be as follows: [Victim] would testify that when he was age 13, that he on July 7, 2002, was in the home of [Appellant], and on that date [Appellant] did offer to massage his back. He rubbed his back, and then he went down and began rubbing the back of his legs. [Victim] would testify that [Appellant] did reach under him and began rubbing his balls. [Victim] would then also testify that [Appellant] asked him to turn over, and that [Appellant] then began to masturbate [Victim's] penis.

[Victim] would testify that [Appellant] did massage the sac—[Appellant] did massage—[Appellant] did massage [the victim's] sac with one hand and stroked his penis with another. [Victim] would testify that on July 7, 2002, in Webster County, Missouri, that [Appellant] did work his penis until—with his hand until [Victim] did ejaculate.

Your Honor, [Victim] would testify that this did occur in Webster County, Missouri, and did occur with [Appellant] who is in the courtroom today.

THE COURT: [Defense counsel], do you believe the State can make a submissible case on these facts?

[DEFENSE COUNSEL]: I believe so, Judge.

THE COURT: Okay. [Appellant], you have heard the Prosecutor's statement. Was that accurate?

[APPELLANT]: May I ask my attorney a question, sir?

. . . .

THE COURT: Okay. Be so amended. Prior to going off the record this last time, the—I had asked the Prosecuting Attorney to state what the evidence the State would present at a trial on this matter. I would ask the Prosecuting Attorney at this time, do you have anything else to say with regard to the facts the State would present on this matter if it were to go to trial?

[PROSECUTOR]: No, Your Honor.

[THE COURT]: Okay. [Appellant], you have heard the statement—the Prosecutor's statement—as to the facts that the State would present at a trial in this matter; is that correct?

[APPELLANT]: I've heard them.

[COURT]: Okay.

[DEFENSE COUNSEL]: Judge, I wonder if I might give you what our response is to that?

I've—I've talked with [Appellant]. What we would like to say to the Court—and, [Appellant], you can tell—confirm or deny this to the Judge, is that we acknowledge that this is the evidence the State would present at trial. We don't—We aren't saying that everything in that statement of fact is accurate, and—but we're acknowledging that that is the evidence that would be presented at trial. And we aren't saying that we agree with everything that was presented by the State in terms of those—the facts that would be presented, but we do acknowledge that evidence would be presented at trial.

THE COURT: Well, are you telling me that is an Alford plea?

[DEFENSE COUNSEL]: No. No, we—we are acknowledging that there was a sexual contact. We're not acknowledging that everything that she said would be presented as evidence that's accurate. We are acknowledging the basic charge occurred, but that all

the details surrounding what might be stated as evidence at trial are not—is not evidence that we'd agree to every detail of the evidence that was presented as what would be presented at trial. There would be some disagreement as to some facts.

THE COURT: Well, that leaves me kind of in a never-never land to know what [Appellant] is saying occurred and what he's pleading to and what he's not. And so I'm going—It is my intent, [Defense counsel], to inquire of [Appellant] what he believes is not accurate about that statement and what is accurate about the statement.

[DEFENSE COUNSEL]: If I might, Judge, I'd like to request—[Appellant] would like to acknowledge today that he did have sexual contact with—by touching the alleged victim's penis with his hand, and we do want to enter a plea to guilty to that and acknowledge that that occurred. And we would like to be able to present that acknowledgment to the Court and ask the Court to accept the plea on that basis, if—if we may. As you're aware at any trial, there's always going to be disagreement about facts and details.

THE COURT: Okay.

[DEFENSE COUNSEL]: We are acknowledging agreement on the basic fact that there was a contact.

THE COURT: Do you want to inquire of your client on this? Do you want to go ahead and ask him questions?

[DEFENSE COUNSEL]: Well, I'd let you finish up what you'd want to do, Judge, and then see if we could cover the factual basis adequately on my part of it, or—

THE COURT: That—That's why I'm saying. Let's do that now.

. . . .

[DEFENSE COUNSEL]: On this charge, Count I alleges that you committed statutory sodomy in the first degree by—In here, it says, "touching, rubbing, and ejaculating [Victim's] penis," but statutory sodomy in the first degree includes having sexual contact between your hand and [Victim's] penis?

[APPELLANT]: Correct.

[DEFENSE COUNSEL]: And are you acknowledging to the Court today that you did have contact between your hand and [Victim's] penis?

[APPELLANT]: There was contact.

[DEFENSE COUNSEL]: And—And, on that basis, you want to enter a plea of guilty to Count I of this case?

[APPELLANT]: Yes.

. . . .

[DEFENSE COUNSEL]: On—In response to Question 31, it says, "State in your own words what you say happened," and you've written in, "I touched [Victim's] penis with my hand"?

[APPELLANT]: That is correct.

[DEFENSE COUNSEL]: And that is—that is the answer you've indicated there; is that correct?

[APPELLANT]: Correct.

. . . .

[THE COURT]: In light of everything that you have said, are you telling me that you are guilty of your own free will because you are guilty as charged?

[APPELLANT]: I'm guilty as to what I agreed and said I did.

[THE COURT]: Well, [Appellant]—

[APPELLANT]: Yes, sir. I—

[THE COURT]: The—The charge on Count 1 is—It is alleged that you committed the unclassified felony crime of statutory sodomy in the first degree, in that on or about July, 2002, in the county of Webster, State of Missouri, [Appel-

lant] had deviant sexual intercourse with another person; to wit, [Victim], a male juvenile, age 13, by touching, rubbing, and ejaculating [Victim's] penis.

I'm asking you, that in light of everything that's gone on this afternoon, are you telling me that you are guilty of Count I of your own free will because you are guilty as charged?

[APPELLANT]: Yes.

[THE COURT]: At this time, I will ask you how do you plead to the charge of an unclassified felony of statutory sodomy in the first degree as alleged in Count I of the information? Guilty or not guilty?

[APPELLANT]: Have to be guilty.

Under section 566.062,[2] "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Deviate sexual intercourse is defined as

> any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Section 566.010. Appellant contends that he simply agreed in response to questions from his attorney that contact occurred between his hand and the victim's penis, and that there is no mention of the purpose of sexual gratification; however, Appellant fails to note the direct question by the Court to him. The Court was not satisfied with his answer, "I'm guilty as to what I agreed and said I did," but further questioned him by specifically stating the charge, which defined his action as "touch-

ing, rubbing, and ejaculating [Victim's] penis," and asking if he was guilty of that charge. Appellant stated that he was guilty.

The court gave a sufficient description of the specific acts which form the basis of statutory sodomy, including the required mens rea. Admitting to touching, rubbing and ejaculating [a thirteen-year-old boy's] penis provides a sufficient factual basis, including the element of for the purpose of arousing or gratifying the sexual desire of any person. Any layperson would have an understanding that rubbing a thirteen-year-old's penis to ejaculation would be for the purpose of sexual arousal or gratification of a person and we find no error in the moving court finding that Appellant, at the time of his plea, understood the nature of the crime and admitted facts constituting the crime. The denial of Appellant's Rule 24.035 motion is affirmed.

PREWITT, P.J., and PARRISH, J., concurring.

---

2. All references to statutes are to RSMo 2000, unless otherwise specified.