STATE of Missouri, Respondent,

v.

Carter WHITE, Appellant.

Carter WHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. 64908.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Carter White ("defendant"), appeals his jury convictions on two counts of delivery of a controlled substance, RSMo § 195.211 (1994), and on one count of delivery of an imitation controlled substance, RSMo § 195.242 (1994), entered by the Cir- cuit Court of the County of St. Louis, and for which defendant was sentenced as a prior and persistent offender to three concurrent ten-year terms. Defendant also appeals the motion court's denial of his Rule 29.15 motion after an evidentiary hearing. We affirm in part and reverse in part.

The following is a brief summary of the facts.[1] A jury trial took place on September 14 and 15, 1993. Officer Joseph Eagan and Detective Timothy Heiman were witnesses for the state.

Both Eagan and Heiman testified that some time prior to November 4, 1991, Detective Michael O'Brien contacted them about making a possible cocaine purchase. The officers were undercover agents at that time, engaged in the investigation and apprehension of drug dealers. Eagan and Heiman were to meet an individual allegedly named Carlos, who was described as a black male in his twenties, at a Firestone parking lot. They were each to purchase $110.00 worth of crack from Carlos.

On November 4, 1991, at approximately 2:00 p.m., Eagan and Heiman went to the Firestone location. They made eye contact with a black male who approached the car and identified himself as Carlos. Eagan gave Carlos his money and in return received several rocks of what were later determined to be crack cocaine. Heiman also purchased several rocks of crack cocaine. When Carlos left, he commented about contacting him again if the officers needed more.

Within a week after this meeting, O'Brien told Heiman the individual known to him as Carlos was really named Carter White (defendant). Heiman ordered a photograph from the Department of Revenue, using the name Carter White, in an attempt to identify the man he knew as Carlos. The photo was of poor quality, however, so no identification could be made at that time.[2]

Some time prior to November 12, 1991, Heiman was again contacted by O'Brien about making another purchase of cocaine

---

1. These and other facts may be more fully discussed in the opinion as our review requires.

2. Officer Eagan was also shown the photograph, but the picture's poor quality precluded a positive identification.

from Carlos. At approximately 8:30 p.m. on November 12, 1991, Heiman went to a McDonald's restaurant in University City. He parked in the lit parking lot and waited for Carlos. The same person who sold Heiman and Eagan crack on November 4, approached the car, and after making eye contact with Heiman, opened the car door and sat in the front passenger seat. Heiman gave Carlos $110.00 and received several pieces of what appeared to be crack cocaine, but which was later determined not to be a controlled substance. Carlos again commented about contacting him if Heiman "need[ed] more."

Within a few days of the November 12, transaction, Heiman obtained another photograph, again using the name Carter White. Heiman was able to positively identify the person in the photo as the individual known to him as Carlos. Eagan also identified the subject in the photo as Carlos. These photographs were admitted into evidence at defendant's trial, after a suppression hearing was held and the photographs' suppression was denied. Eagan and Heiman also identified defendant, Carter White, as Carlos in court. The two amounts of crack cocaine and the one amount of imitation crack were also admitted into evidence.

Defendant presented no evidence. After closing argument and instructions, the jury deliberated and returned a verdict of guilty on each of the three counts. Defendant was sentenced as a prior and persistent offender on October 15, 1993, to three concurrent ten-year terms. Defendant then filed his direct appeal.

On January 5, 1994, defendant filed a pro se motion for post-conviction relief, which was amended on June 23, 1994. The motion included allegations of ineffective assistance of counsel, claiming defendant's trial attorney failed to call Leatrice White, defendant's mother, who would have been an alibi witness. A hearing on the motion was held on August 12, 1994, wherein Leatrice White testified as to what she would have told the court if called at defendant's trial. Defendant's motion was denied, and he filed an

appeal. This court, by its own motion, consolidated defendant's direct appeal and his appeal from the denial of post-conviction relief. That consolidated appeal is before us now.

■ In his first point, defendant asserts the state failed to prove defendant knew that the substance sold to Detective Heiman was an imitation controlled substance. "In our review of defendant's contention, we consider those facts and all favorable inferences readily to be drawn therefrom in light most favorable to the verdict of the jury and cast aside all contrary evidence and inferences." *State v. Van Orman*, 642 S.W.2d 636, 637 (Mo. 1982).

■ The instruction proffered by the state at trial and at issue here required the jury to find "that defendant knew that the off-white rock like substance was an imitation controlled substance...." *See* MAI–CR3d 325.28.[3] Knowledge and awareness can be proved by circumstantial evidence. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo.banc 1992). A jury can draw all reasonable inferences from the evidence as the evidence will permit. *State v. White*, 847 S.W.2d 929, 933 (Mo.App.E.D.1993). In this case, we find, and the state concedes, the evidence was insufficient to show defendant knew the substance he gave to Heiman on November 12, was not crack cocaine.

Heiman and Eagan testified solely as to how the purchases were made. The three transactions were very similar. Nothing in the third transaction indicated defendant knew the substance was not crack cocaine. The state offered no other evidence from which the jury could infer knowledge. Thus, even taking all inferences in a light favorable to the verdict, we cannot say the evidence was sufficient to allow a reasonable jury to infer defendant knew of the substance's nature.

■ Defendant's next point was not preserved for appeal. Defendant submits the circuit court erred in denying his motion to

---

3. The instruction provides "reckless" as the proscribed culpable mental state, but allows the state to substitute the higher burden of "know-

ing" in place of "reckless." MAI–CR3d 325.28, Notes on Use 4.

suppress the photographs and the photographic and in-court identifications. However, defendant never objected to the circuit court's receiving the photographs into evidence nor to the officers' in-court identification. In Missouri, when a motion to suppress is denied and the evidence is offered at the subsequent trial, the defendant must object to the admission of the evidence in order to preserve the issue for review. *State v. Sandusky,* 761 S.W.2d 710, 713 (Mo.App.E.D. 1988). Because defendant did not renew his objection to the evidence at trial, his point is not preserved for review.

■ For his third point, defendant claims the circuit court erred in failing to declare a mistrial when Detective Heiman made mention of defendant's "arrest history" while testifying. "The declaration of a mistrial is a drastic remedy and should only be employed in the most extraordinary circumstances." *State v. Gillis,* 812 S.W.2d 887, 890 (Mo.App.E.D.1991). When a witness volunteers inadmissible information, the remedy called for rests with the trial court, as it is in the best position to determine the effect of the statement on the jury. *Id.* The trial court has discretion to decide what measures would cure the statement's effect. *Id.* We cannot say the circuit court abused its discretion in not declaring a mistrial in this case.

■ The statement was singular and vague in nature, only mentioning the phrase "arrest history" without elaboration. Heiman made the reference in a direct answer to a question on cross-examination; the record is bare of evidence the state coached the witness to respond in an inadmissable way. Defense counsel objected immediately, and the court sustained the objection and gave a curative instruction. The jury is presumed to have followed the court's instructions. *Id.* See also, *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo.banc 1988) (affirming denial of mistrial in light of circumstances and where trial court acted promptly). Therefore, defendant's third point is denied.

■ For his last point on appeal, defendant contends the circuit court erred in denying his Rule 29.15 motion for post-conviction relief. On review, this court will look to see if the decision of the motion court was clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo.banc 1989). The motion court's findings and conclusions are clearly erroneous if, after review of the entire record, this court is left with a firm impression that a mistake has been made. *Id.* at 695–96.

Defendant claimed ineffective assistance of counsel in his motion, arguing his trial attorney should have called his mother to testify as an alibi witness. "The selection of witnesses and the introduction of evidence are questions of trial strategy, and the choice of trial strategy is not a foundation for finding ineffective assistance of counsel." *Leisure v. State,* 828 S.W.2d 872, 876 (Mo.banc 1992). In order to succeed on his ineffective assistance of counsel claim in this context, defendant had to show his mother's testimony provided a viable defense.[4] *State v. Vinson,* 800 S.W.2d 444, 449 (Mo.banc 1990).

Defendant argues his mother would have testified as to his whereabouts on the dates and at the times the offenses occurred. However, at the motion hearing, Ms. White testified that she was sleeping at the time of the first transaction, and she could not say where defendant was. As to the second transaction, Ms. White testified she spoke to defendant at 9:00 p.m., but could not say where he was at 8:30 p.m., the time when the crime was committed.

Defendant's trial counsel also testified at the motion hearing. He stated he spoke with defendant's mother and was left with the impression she could only speculate as to where defendant was at the time the offenses took place. He believed this would not help defendant and decided not to call her as a witness at trial. We agree with the motion court's finding that defendant's mother was not a true alibi witness. As noted by the court and observed by defendant's trial counsel, Ms. White would not have been able to show defendant could not have committed

---

4. The other two factors defendant had to prove, that Ms. White could have been located through reasonable investigation, and that she would have testified if called, are not at issue. *Vinson,* 800 S.W.2d at 448–49.

the crimes, but would merely conjecture as to defendant's whereabouts. Thus, defendant's last point is denied.

Based on the foregoing, we reverse defendant's conviction as to Count III, delivery of an imitation controlled substance. The remaining portion of the circuit court's judgment and the order of the motion court are affirmed.

SMITH, P.J., and RHODES, J., concur.