Cory WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75379.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 7, 1999.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah (Jay) W. Nixon, Atty. Gen., Anne E. Hawley, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, J.

A jury convicted the defendant, Cory Williams, of one count each of second degree murder, first degree robbery, first degree burglary, second degree burglary, stealing a motor vehicle, receiving stolen property, and two counts each of resisting arrest and armed criminal action. Following an unsuccessful appeal to this court, *see State v. Williams*, 948 S.W.2d 429 (Mo.App.1997), defendant filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. In that motion, defendant claimed he was denied effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 18(a) of the Missouri Constitution. The motion court denied relief; this appeal followed. We affirm in part and reverse and remand in part.

The underlying facts are set forth in the opinion denying defendant's direct appeal. We reiterate the following facts which are relevant to this appeal. Sometime between midnight and 1:00 a.m. on November 16, 1994, a man approached a parked minivan in which the driver, Willie Mae Goosby, and her passenger, Lenora Byrd, were sitting. This man pointed a gun at the two, forced them from the van, then drove away in the van. Ms. Goosby identified defendant as the thief from a lineup. For this incident, defendant was charged with the crime of receiving stolen property, § 570.080 RSMo (1994).[1] At tri-

---

1. Section 570.080 RSMo provides in relevant part: "1. A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen."

The State did not charge defendant for the theft of the van, but instead charged him only with receiving stolen property. The words "retains" and "disposes" as used in § 570.080.1 comprehend a single party offense such that a thief's act of retaining or disposing of property stolen by him or her subjects the thief to prosecution for both

al for this and several other offenses, Ms. Goosby again identified defendant as the man who stole her van. The State acknowledges this testimony was the principal evidence adduced to support this charge.[2]

■ In his first point of error, defendant requests plain error review of a claim of ineffective assistance of counsel not made to the motion court. The law is very clear that "[t]here is no such thing as plain error in postconviction relief cases. Appellate review of the trial court's action on a postconviction relief motion is 'limited' to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Clemmons v. State,* 795 S.W.2d 414, 418 (Mo.App.1990), *cert. denied,* 500 U.S. 907, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991). *See also State v. Clay,* 975 S.W.2d 121, 141 (Mo. banc 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999) ("In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal."). Accordingly, point one is denied.

In his second point, defendant argues the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because his trial counsel was ineffective for failing to call Lenora Byrd, Ms. Goosby's passenger at the time of the theft, to testify at trial. Ms. Byrd purportedly would have testified defendant was not the man who stole Ms. Goosby's van. Defendant claims such testimony would have rebutted an essential element of the crime of receiving stolen property, that is, knowledge the property is stolen. We will uphold the trial court's ruling unless it was clearly erroneous. Rule 29.15(k) (1999).

■ A successful claim of ineffective assistance of counsel entails a two-part showing. First, the defendant must demonstrate counsel's performance was deficient, that is, counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requires a showing that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979) (citation omitted). Second, the defendant must show counsel's deficient performance prejudiced his or her defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Seales,* 580 S.W.2d at 735–737. This requires the defendant to show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* Counsel's performance will not be deemed ineffective under the Sixth Amendment unless both prongs of the *Strickland* test have been established. *Id.* at 687, 104 S.Ct. 2052.

■ Where the alleged ineffectiveness of counsel concerns the failure to present testimony of a witness, Missouri courts specifically require the defendant to show: (1) the witness could have been located through reasonable investigation; (2) the witness would have testified if called; and (3) the testimony would have provided a viable defense. *State v. Vinson,* 800 S.W.2d 444, 448–49 (Mo. banc 1990). The inability of a defendant to make even one of these showings reveals that an attempted examination of the witness would not have aided the defense. Where this is the case, counsel's decision

2. stealing and receiving stolen property even though no other party is involved. *See State v. Walker,* 659 S.W.2d 349, 351 (Mo.App. 1983).

2. The only other evidence was defendant's custodial confession that he stole the van. At trial, defendant recanted this confession and claimed it was coerced through physical assaults.

not to call that witness is neither incompetent nor prejudicial.

■ The State concedes defendant is entitled to an evidentiary hearing on his claim that trial counsel was ineffective in failing to present the testimony of Ms. Byrd. It is alleged that Ms. Byrd's testimony as to the thief's identity would have contradicted Ms. Goosby's account, which, as previously noted, was the primary evidence adduced by the State to establish defendant's knowledge he possessed stolen property. *See* note 1, *supra.* If adduced as alleged and believed, Ms. Byrd's testimony would have negated this element of the offense, thus providing defendant a viable defense. The motion court's refusal to grant defendant an evidentiary hearing on this matter was therefore clearly erroneous. Accordingly, we remand this case to the trial court with instructions to conduct an evidentiary hearing to allow defendant an opportunity to prove his allegations under this point.

In his third and final point, defendant argues the motion court clearly erred in denying his claim for post-conviction relief because trial counsel was ineffective for failing to call Joyce Williams, defendant's mother, to testify as an alibi witness. The motion court rejected this claim on the ground that the proffered testimony would not have provided defendant with a viable defense. Again, we will sustain this determination unless it was clearly erroneous. Rule 29.15(k).

Ms. Goosby testified her van was stolen "close to 1:00 a.m." Defendant testified he was asleep at home "around twelve midnight" when his friend and co-defendant at trial, Darney Towers, arrived and the two left together shortly thereafter. Defendant claims Ms. Williams would have testified Towers did not arrive until approximately 12:30 a.m. Defendant contends this testimony would have provided him with an alibi for the charge of receiving stolen property in that it would have established he was at home at the time Ms. Goosby's van was stolen. As in his second point, defendant argues that evidence showing he did not steal the van precludes him from having knowledge it was stolen.

■ An alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it *impossible* for defendant to be the guilty party." *State v. Hopkins,* 947 S.W.2d 826, 828 n. 1 (Mo.App.1997) (quoting BLACK'S LAW DICTIONARY 66 (5th ed.1979)) (emphasis added). Taking Ms. Williams' proffered testimony into consideration, the evidence established that Towers picked up defendant between midnight and 12:30 a.m., while the theft occurred close to 1:00 a.m. At a minimum, therefore, the two defendants had approximately thirty minutes to steal the van. Thus, Ms. Williams' testimony would not have provided defendant with an alibi because it would not have so far removed him from the scene of the crime at the relevant time to render it impossible that he is the guilty party. It is true that Ms. Williams' testimony might have narrowed the window of time within which defendant could have left his house, traveled to the site of the theft, and completed the crime. Nevertheless, the motion court apparently believed that amount of time to be sufficient since it expressly found that Ms. Williams' testimony would not have provided a viable defense. This finding was not clearly erroneous. Point three is denied.

We affirm the motion court's rulings on defendant's claims under points one and three. We remand this case for an evidentiary hearing on defendant's claims under his second point.

RICHARD B. TEITELMAN, P.J., and LAWRENCE E. MOONEY, J., concur.