**DeJuan THOMPSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 64214.**

Missouri Court of Appeals, Western District.

July 19, 2005.

Andrew A. Schroeder, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn L. Naccarato, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before ELLIS, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Appellant DeJuan Thompson ("Thompson") appeals from a judgment in the Circuit Court of Jackson County denying his Rule 29.15 motion for post-conviction relief. In his sole point on appeal, Thompson claims the motion court clearly erred in denying his motion without granting an evidentiary hearing, because Thompson

claimed that his counsel failed to call a witness in Thompson's defense and because a conflict of interest existed. For the following reasons, the judgment of the motion court is reversed.

## Background

Thompson was charged, by indictment, with (1) robbery in the first degree in violation of section 569.020, RSMo 1994, and (2) armed criminal action in violation of section 571.015, RSMo 1994. The State adduced the following evidence against Thompson at a jury trial on November 28 and 29, 2000.

Around 9 p.m. on October 17, 1999, Frances Newton ("Newton") pulled into the parking lot of her apartment complex located at 8513 Holmes Road in Kansas City. Newton was driving a beige 1999 Chevrolet Malibu, which was a rental car that Newton was using while her car was being repaired. Newton parked in a space across from her building, exited the car, and started walking across the lot. Newton waited outside for a few minutes. While she was waiting, a teal Ford Escort or Mercury Tracer pulled up next to her. There were five occupants in the car, and one of the occupants asked Newton if she knew where Apartment Number 72 was located. Newton told them she did not know where the apartment was and waited for the car to pass. The driver and one of the rear-seat passengers then exited the car, and it appeared as though the two men were trading seats. One of the men, who Newton identified at trial as Thompson, met Newton as she was walking toward her apartment door. The man told Newton to drop her purse and keys, which she did. Newton saw that the man was holding a gun. The man then told Newton to pick up her keys. As Newton was picking up her keys, the man said, " 'Don't make me shoot you.' " Newton then looked at the man, and he told her, " 'Don't look at me. I'll blow your f* * *ing brains out.' " The man held the gun close to Newton's temple, then lowered the gun and told Newton to go back to her car and unlock it. Newton walked back to her car and unlocked it. The man then told Newton to step away from the car. Newton stepped away, and the man entered the car. The man then told Newton to leave without looking back. Newton walked toward her apartment and heard her car drive away.

Newton called the police from a neighbor's apartment and described the robber as a black male around 25 years old, about six feet two inches tall, and weighing about 190 pounds with a medium build. A pickup order was issued for the car.

The following evening, October 18, 1999, Kansas City Police Officer John Cress ("Cress") saw a car that matched the description of the car stolen from Newton in the vicinity of Gregory and Prospect. Cress determined that the car was the stolen Chevrolet Malibu and began to follow the car. The car drove off at a high rate of speed. Cress followed the car, observed five black males riding inside the car and requested backup. Cress activated his emergency lights at 85th Street and Prospect. The chase ultimately ended at 85th Street and 71 Highway when the driver lost control of the car and drove onto an embankment. The occupants of the car attempted to flee on foot, but all five occupants were caught and arrested. Thompson was one of the five arrested occupants.

Newton viewed a videotaped lineup and identified Thompson as the man who robbed her at gunpoint. Newton also identified Joe Finch ("Finch") as having been present when the robbery occurred.

The jury found Thompson guilty of robbery in the first degree and armed crimi-

nal action. On February 8, 2001, the trial court sentenced Thompson to concurrent terms of thirty years for robbery in the first degree and fifteen years for armed criminal action.

Thompson appealed his convictions, which were affirmed by this court on June 18, 2003. Thompson timely filed a pro se Rule 29.15 motion on May 11, 2001. On December 15, 2003, post-conviction counsel filed an amended Rule 29.15 motion. On April 22, 2004, the motion court denied Thompson's motion without an evidentiary hearing. This appeal follows.

## Standard of Review

■ Our review of the motion court's denial of Thompson's Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). "The findings and conclusions are clearly erroneous only if the appellate court is left with the definite impression that a mistake has been made." *Cole v. State*, 152 S.W.3d 267, 268 (Mo.banc 2004).

## Discussion

■ In his sole point on appeal, Thompson claims the motion court clearly erred in denying his motion without granting an evidentiary hearing, because Thompson claimed that his counsel failed to call a witness in Thompson's defense and because a conflict of interest existed.[1]

In support of his point on appeal, Thompson argues that he pleaded factual allegations, which if proven, would warrant relief and are not refuted by the record. Thompson claims he alleged that his trial counsel was deficient, in that he failed to

contact and call Finch as a defense witness at trial. Thompson argues that Finch was willing and available to provide testimony that would have had a reasonable probability of changing the result of the trial.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), sets forth the two components required to establish an ineffective assistance of counsel claim:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

The Missouri Supreme Court recently set forth a four-part test that a movant must satisfy in order to show that the failure to present testimony of a witness was ineffective assistance of counsel.[2] *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004) (citing *State v. Harris*, 870 S.W.2d 798, 817 (Mo.banc 1994)), provides:

To prevail on a claim of ineffective assistance of counsel for failure to call a witness, a defendant must show that:

(1) trial counsel knew or should have known of the existence of the witness,

---

1. The alleged conflict of interest is not at issue in this opinion because we decide the appeal on other grounds.

2. We note that Missouri courts have also applied two-part and three-part tests to determine whether failure to call a witness constitutes ineffective assistance of counsel.

(2) the witness could be located through reasonable investigation,

(3) the witness would testify, and

(4) the witness's testimony would have produced a viable defense.

In *Williams v. State*, 8 S.W.3d 217, 218 (Mo.App. E.D.1999), the movant was convicted of several crimes, including first-degree burglary and receiving stolen property. The movant filed a Rule 29.15 motion alleging ineffective assistance of counsel for failing to call a witness who would have testified that the movant did not steal the victim's van. *Id.* at 219. The movant argued that the "testimony would have rebutted an essential element of the crime of receiving stolen property." *Id.* The movant "alleged that the [witness's] testimony as to the thief's identity would have contradicted [the victim's] account, which ... was the primary evidence adduced by the State to establish [movant's] knowledge he possessed stolen property." *Id.* at 220. *Williams* held that the motion court clearly erred by refusing to grant the movant an evidentiary hearing, and the case was remanded for an evidentiary hearing to allow the movant an opportunity to prove his allegations. *Id.*

In the instant case, Thompson made the following allegations in his amended Rule 29.15 motion:

(1) "Movant told trial counsel that Mr. Finch was the only occupant of the car on October 17, 1999, who he considered to be a friend and who he believed would be willing to explain to a jury what really happened on said date."

(2) "Movant told trial counsel that Mr. Finch could be located at the Jackson County Jail[.]"

(3) Finch "would testify ... if called to the stand."

(4) Finch would testify that: "Around 9:00 p.m. on October 17, 1999, Mr. Finch and Movant (along with two other men) were occupants of a car that was being driven by Henderson Brown. When Mr. Brown approached the victim, Frances Newton, in an apartment complex parking lot at 8513 Holmes Road, Mr. Brown directed Movant, while handing him a gun, to 'get out and rob that woman.' Movant refused. Before Movant was able to say anything more, Mr. Henderson got out of the car and robbed Ms. Newton himself. Prior to Mr. Henderson pulling into the parking lot, there had been no discussions about anyone committing a robbery."

The instant case is on point with *Williams*. Thompson properly pleaded all of the requisite allegations for a claim of ineffective assistance of counsel for failure to call a witness. Furthermore, Thompson alleged that Finch's testimony would have provided a viable defense to the offenses of robbery in the first degree and armed criminal action. Because Thompson's allegations are not refuted on the record, it was impossible for the motion court to determine that Thompson did not receive ineffective assistance of counsel without an evidentiary hearing. Therefore, the motion court clearly erred in denying Thompson an evidentiary hearing.

### Conclusion

For the foregoing reasons, the judgment of the motion court is reversed and remanded for an evidentiary hearing.

ELLIS, P.J., and SPINDEN, J., concur.