**Darrell TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31756.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 4, 2012.

Mark Allen Grothoff, Columbia, or appellant.

Chris Koster, Atty. Gen., Jennifer Ann Wideman, Asst. Atty. Gen., Jefferson City, for respondent.

DANIEL E. SCOTT, P.J.

Darrell Turner (Movant) appeals the denial of his Rule 29.15 motion for postconviction relief.[1] He charges trial attorney William Nacy with ineffective assistance of counsel (IAC) in failing to investigate and call two alibi witnesses.

The motion court did not clearly err in denying relief. We affirm.

**Background**

Movant's convictions for first-degree assault, first-degree burglary, unlawful use of a weapon, and armed criminal action were affirmed in *State v. Turner*, 242 S.W.3d 770 (Mo.App.2008), from which we borrow relevant facts without further attribution.

On the night in question, Christina Jones drove Movant to the victim's home. Movant went in alone, forced everyone to the floor, eventually shot the victim in the head, then ran back to the car. It was a few minutes after 11 p.m. They drove 45 minutes to Jefferson City where Movant bought whiskey at a supermarket and went to a club. His handprint was found on Jones' car and his image was captured by the supermarket's surveillance cameras. The state theorized that Movant acted as a "hit man" on behalf of Jones' drug-dealer boyfriend.

The defense portrayed Jones as a liar, willing to frame Movant for a shooting actually committed by her drug-dealing lover. Alibi was not emphasized, but Movant's sister offered one, claiming they were both at the club until midnight, then went to her home where Movant spent the night.

*IAC Complaint and Hearing*

After losing his appeal, Movant sought Rule 29.15 relief. He alleged that he had told Nacy that Samantha Lampe and Kathy McKenvie would corroborate his sister's account and bolster his alibi defense, but Nacy did not investigate or call these potential witnesses.

At the evidentiary hearing, Lampe, McKenvie, Movant, and Nacy testified. Lampe said she last saw Movant at 8 or 9 p.m. that night. McKenvie said she saw Movant and his sister at the club about 11

1. Rule references are to Missouri Court Rules (2012).

p.m. McKenvie testified that she helped Movant take his sister home, then Movant and McKenvie drove to McKenvie's home where they both spent the night.

Movant, who did not testify at his trial, confirmed McKenvie's account. He said he gave his alibi information to Nacy, but did not know if Nacy investigated it further.

Nacy testified that he took over the case several weeks before trial and reviewed everything pertaining to the case. Regarding Lampe and McKenvie, Nacy said "I've never heard these names before or if I had I don't have any recollection. They weren't significant. If I had them they weren't significant to the extent they were ever considered to be needed at trial[,]" and "[t]he fact I don't remember indicates that they weren't in our plans whatsoever."

In denying relief, the motion court found *inter alia* no reasonable probability that testimony by Lampe and McKenvie would have changed the trial's outcome.

### Legal Principles

■ Movant had to show *both* deficient performance by Nacy *and* resulting prejudice; failure to prove either prong was fatal to his IAC claim. *Barnes v. State*, 334 S.W.3d 717, 721 (Mo.App.2011). Prejudice is the reasonable probability of a different result but for counsel's deficient performance. *Id.; McClanahan v. State*, 276 S.W.3d 893, 895 (Mo.App.2009).

Appellate review is for clear error. Rule 29.15(k). Motion court findings and conclusions are presumed correct; we will reverse only if review of the whole record definitely and firmly convinces us that a mistake has been made. *McClanahan*, 276 S.W.3d at 895.

### Analysis

■ To make an IAC claim in this context, Movant had to show that Lampe's or McKenvie's testimony would have provided a viable defense. *State v. White*, 907 S.W.2d 366, 369 & n. 4 (Mo.App.1995).

■ Lampe did not put Movant anywhere at any relevant time that would have made his guilt impossible; thus, she provided no alibi. *Williams v. State*, 8 S.W.3d 217, 220 (Mo.App.1999). She last saw Movant at 8 or 9 p.m. The crime occurred 45 minutes away between 10:15 and 11 p.m. Lampe could not account for Movant's whereabouts when the crime occurred, so her testimony could not provide a viable defense or be expected to change the result. *See McClanahan*, 276 S.W.3d at 897–98; *Williams*, 8 S.W.3d at 220; *White*, 907 S.W.2d at 369–70.

■ The problem with McKenvie was that she contradicted Movant's sister, who told jurors that Movant stayed overnight with her in her home. McKenvie, in contrast, would have testified that Movant stayed overnight with *McKenvie* in *McKenvie's* home. "Rather than having cemented [Movant's] alibi, this testimony could have raised further doubt in the jurors' minds as to the veracity of his defense. Given this evidence, [Movant] failed to satisfy his burden that this testimony would have established a viable defense." *Barnes*, 334 S.W.3d at 722. *See also Mitchell v. State*, 747 S.W.2d 234, 235 (Mo.App.1988) (no IAC in failing to call alibi witnesses who "did not have their alibi testimony together").

Indeed, it is not a foregone conclusion that other alibi witnesses would have been allowed. Movant's sister's alibi came in over the state's objection, which finds support in the record, that Movant's Rule 25.05 filing indicated that he would not claim alibi.

■ Finally, the strong evidence of guilt cited in *Turner* is relevant in evaluating any claim of IAC prejudice. *Anderson v. State*, 66 S.W.3d 770, 775 (Mo.App.2002). *See also Bucklew v. State*, 38 S.W.3d 395, 399 (Mo. banc 2001); *Barnes*, 334 S.W.3d at 722; *Seals v. State*, 141 S.W.3d 428, 434 (Mo.App.2004).

## Conclusion

■ We cannot find that the motion court clearly erred. We deny Movant's sole point and affirm the judgment.[2]

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., Concur.

**2.** While this appeal was pending, Movant filed a motion to remand for further evidentiary hearing, which we took with the case. It was alleged that appellate counsel recently found, in Nacy's trial file, the names of and contact information for Lampe and McKenvie as possible alibi witnesses. It was further alleged that this could be used to impeach Nacy, or at least refresh his memory, as to whether he had heard or had any recollection of these names.

Rule 29.15(k) is silent as to remand for presentation of additional evidence. A handful of cases discuss the issue, one line of which denies such claims outright. *See, e.g., Henderson v. State*, 32 S.W.3d 769, 771 (Mo. App.2000). Other cases note appellate courts' "inherent power to prevent miscarriage of justice or manifest injustice by remanding a case to the trial court." *Benton v. State*, 128 S.W.3d 901, 904 (Mo.App.2004). Still others apply the rubric used in claims for new trial based on newly discovered evidence. *See McCauley v. State*, 866 S.W.2d 892, 894–95 (Mo.App.1993).

We need not decide between these approaches because none supports a remand here. Under even the most permissive view, new evidence must be non-cumulative and so material it would likely change the result. Our opinion shows that Movant could not meet either of these requirements. Motion denied.